| | |
|---|---|
| 1 | BRUCE E. H. JOHNSON (State Bar No. 159927) |
| | brucejohnson@dwt.com |
| 2 | **DAVIS WRIGHT TREMAINE LLP** |
| | 1201 3rd Avenue, Suite 2200 |
| 3 | Seattle, Washington 98101 |
| | Telephone:  (206) 622-3150 |
| 4 | Facsimile:  (206) 757-7700 |
| 5 | THOMAS R. BURKE (State Bar No. 141930) |
| | thomasburke@dwt.com |
| 6 | NICOLAS A. JAMPOL (State Bar No. 244867) |
| | nicolasjampol@dwt.com |
| 7 | **DAVIS WRIGHT TREMAINE LLP** |
| | 505 Montgomery Street, Suite 800 |
| 8 | San Francisco, California 94111 |
| | Telephone:  (415) 276-6500 |
| 9 | Facsimile:  (415) 276-6599 |

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE BIWEEKLY ADMINISTRATION, INC., an Ohio corporation; LOAN PAYMENT ADMINISTRATION LLC, an Ohio limited liability company; and DANIEL S. LIPSKY, an individual; <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN F. HUBANKS, Deputy District Attorney, Monterey County District Attorney's Office, in his official capacity; ANDRES H. PEREZ, Deputy District Attorney, Marin County District Attorney's Office, in his official capacity; MONTEREY COUNTY DISTRICT ATTORNEY'S OFFICE, a County agency; and MARIN COUNTY DISTRICT ATTORNEY'S OFFICE, a County agency, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Nationwide Biweekly Administration, Inc., Loan Payment Administration LLC, and Daniel S. Lipsky (collectively, "Nationwide"), by and through their undersigned attorneys, bring this action for declaratory and injunctive relief as follows:

**NATURE OF THE CASE**

1. This action arises from the threatened unconstitutional enforcement of California Business & Professions Code § 14700 *et seq.* (the "Statute") against Nationwide for its use of publicly available information in truthful, non-misleading commercial speech. Defendants have threatened Nationwide despite the fact that application of the Statute to Nationwide would violate the First and Fourteenth Amendments of the U.S. Constitution and Article I, Section 2 of the California Constitution, and, in any event, Nationwide is exempt from liability under the express terms of the Statute. Defendants have also threatened Nationwide with legal action under additional state statutes, although any such action would also be in violation of the First and Fourteenth Amendments of the U.S. Constitution and Article I, Section 2 of the California Constitution.

**PARTIES**

2. Plaintiff Nationwide Biweekly Administration, Inc. is an Ohio corporation with its headquarters located at 855 Lower Bellbrook Road, Xenia, Ohio 45385.

3. Plaintiff Loan Payment Administration LLC is an Ohio limited liability company with its headquarters located at 855 Lower Bellbrook Road, Xenia, Ohio 45385.

4. Plaintiff Daniel S. Lipsky is an individual who resides in Waynesville, Ohio, and is the sole shareholder of Nationwide Biweekly Administration, Inc.

5. Defendant John F. Hubanks is a Deputy District Attorney at the Monterey County District Attorney's Office, which is located at 1200 Aguajito Road, Room 301, Monterey, California 93940.

6. Defendant Andres H. Perez is a Deputy District Attorney at the Marin County District Attorney's Office, which is located at 3501 Civic Center Drive, San Rafael, California 94903.

7.     The Monterey County District Attorney's Office is an agency of the County of Monterey, and is located at 1200 Aguajito Road, Room 301, Monterey, California 93940.

8.     The Marin County District Attorney's Office is an agency of the County of Marin, and is located at 3501 Civic Center Drive, San Rafael, California 94903.

**JURISDICTION AND VENUE**

9.     This lawsuit is brought pursuant to 42 U.S.C. § 1983 against Defendants for actions under color of state law in violation of the First and Fourteenth Amendments to the United States Constitution and Article I, Section 2 of the California Constitution. This Court has jurisdiction of this lawsuit pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a)(3), and principles of pendent and supplemental jurisdiction. This Court has the authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201-2202, and can grant injunctive relief pursuant to Fed. R. Civ. P. 65.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**INTRADISTRICT ASSIGNMENT**

11.     Pursuant to L.R. 3-5, assignment to this division is proper because a substantial part of the events or omissions giving rise to Nationwide's claims occurred in the counties served by this division.

**FACTUAL ALLEGATIONS**

**A.     Nationwide's Business**

12.     Nationwide is one of the country's largest and most recognized administrators for biweekly loan repayment programs, and is currently helping over 125,000 borrowers across the country, including over 10,000 borrowers in California. Nationwide's customers are able to achieve interest savings and reduce their debt much faster by allowing Nationwide to debit smaller biweekly payments which are then remitted monthly (as required by the lender) toward their mortgage.

13.     Under Nationwide's "Interest Minimizer" biweekly program, generally one-half of the customer's monthly mortgage payment is automatically debited from the customer's checking account every other week to coincide with their pay schedule and then remitted to the customer's

lender once per month as required by the lender. By utilizing biweekly debits instead of monthly, Nationwide will debit 26 times over the course of the year, resulting in the creation of a 13th annual payment (rather than 12 payments under a traditional monthly repayment plan). This extra payment each year is applied 100% to principal and allows the borrower to save tens of thousands of dollars in interest over the life of a loan and pay off their mortgage years earlier than they would be able to with traditional monthly payments.

14. Nationwide began operating in 2002. Nationwide is not a lender and does not have access to information about borrowers directly from mortgage lenders. Instead, it obtains information about recently closed mortgages from public records, and sends new mortgage borrowers letters that reference their name and address, and specific lenders' names, as provided in public records, to inform customers about the service Nationwide provides and about the benefits of biweekly mortgage payments in general ("Offer Letters"). Recipients of these letters are able to use this information regardless of whether they choose to use Nationwide to administer their payments.

15. Nationwide ensures that it is clear to consumers that it is not a lender and is not affiliated with the consumers' mortgage lenders. In fact, the envelopes containing the Offer Letters expressly state that "Nationwide Biweekly Administration is not affiliated with the lender." (Loan Payment Administration LLC, a wholly-owned subsidiary of Nationwide Biweekly Administration, Inc., will often send Offer Letters to potential customers on Nationwide Biweekly Administration, Inc.'s behalf. In such cases, the return address and disclaimers in the letters refer to "Loan Payment Administration" instead of "Nationwide Biweekly Administration.")

16. While Nationwide has used several variations of the Offer Letters, many of them start by explaining to the consumer that the lender "may not have made you aware of the option to setup a smaller biweekly program payment option for your mortgage loan." Many Offer Letters further explain that "[a]s always we work for you and not the lender" and that Nationwide partners "with you the customer, and not your lender." Some Offer Letters contain a second page of questions and answers, which explain that the "bi-weekly program is administered *to your current lender*," that Nationwide is "able to transfer your program *to any lender*," and that Nationwide is

3

"one of the nation's largest and most recognized *independent* processors." (Emphases added). Lastly, at the bottom of the Offer Letters, Nationwide states that it is "*not affiliated, connected, or associated with, sponsored by or approved* by the lender listed above." (Emphasis in original).

17. Nationwide goes to great lengths to ensure that its customers are satisfied and fully informed of its costs and services. In fact, Nationwide has a policy of reviewing enrollment calls if a consumer indicates that he or she did not understand a fee existed or if a consumer believes that he or she was not told about the fee, and then waiving or refunding its setup fee if the enrollment representative did not provide the scripted fee disclosures. This commitment has resulted in an A+ rating for customer service from the Better Business Bureau.

**B.  Monterey and Marin County District Attorneys**

18. On or about July 30, 2013, John F. Hubanks, Deputy District Attorney at the Monterey County District Attorney's Office, wrote a letter to Nationwide's president stating that the Offer Letters violated California Business & Professions Code § 14701(a), which prohibits any person from including "the name, trade name, logo, or tagline of a lender in a written solicitation for financial services directed to a consumer who has obtained a loan from the lender without the consent of the lender, unless the solicitation clearly and conspicuously states that the person is not sponsored by or affiliated with the lender and that the solicitation is not authorized by the lender, which shall be identified by name." The letter also stated that the Offer Letters violated California Business & Professions Code § 14702, which prohibits any person from including "a consumer's loan number or loan amount, whether or not publicly available, in a solicitation for services or products without the consent of the consumer, unless the solicitation clearly and conspicuously states, when applicable, that the person is not sponsored by or affiliated with the lender and that the solicitation is not authorized by the lender, and states that the consumer's loan information was not provided to that person by that lender." The letter also accused Nationwide of violating California's unfair competition statute (Cal. Bus. & Prof. Code § 17200), and its prohibition against false advertising (Cal. Bus. & Prof. Code § 17500). The letter referenced the Marin County District Attorney's Office and was copied to that office. A true and correct copy of this letter is attached as Exhibit A.

19.     The letter from Mr. Hubanks to Nationwide did not mention that California Business & Professions Code § 17403 provides that it is not a violation of Section 17401(a) if the use of a lender's name "is exclusively part of a comparison of like services or products in which the person clearly and conspicuously identifies itself or that otherwise constitutes nominative fair use." The nominative fair use doctrine allows parties to use another's trademark for the purpose of identifying the brand without suggesting an affiliation or sponsorship with the trademark owner. The nominative fair use doctrine, along with the exception set forth in Section 14703, seeks to ensure that federal and state statutes do not impinge upon constitutional free speech rights. *See, e.g., Toyota Motor Sales, USA, Inc. v. Tabari*, 610 F.3d 1171, 1176 (9th Cir. 2010) (holding that enjoining a nominative fair use of a trademark "can raise serious First Amendment concerns because it can interfere with truthful communication between buyers and sellers in the marketplace").

20.     After receiving the letter from Mr. Hubanks, Nationwide has worked diligently with him and Andres H. Perez, Deputy District Attorney at the Marin County District Attorney's Office, to explain the services that Nationwide offers, how it uses publicly available data to obtain loan information and mailing addresses for potential customers, and the significant benefits it provides to consumers, whether or not they ultimately decide to become Nationwide's customer. As part of this effort, Nationwide has provided over 78,000 pages of documents and met in person with Mr. Hubanks and Mr. Perez twice this year. The last such meeting occurred on August 26, 2014.

21.     Despite these efforts, and several tolling agreements between Nationwide and the District Attorneys, on October 1, 2014, Mr. Hubanks emailed Nationwide's outside counsel, stating that "Nationwide and Mr. Lipsky have had ample opportunity to meet and communicate with us about their defenses and explanations." He further stated that "[o]ur offices are done with the games. We will not be extending the Tolling Agreement. Please advise if you are still authorized to accept service of process on behalf of Mr. Lipsky and Nationwide."

22.     Because the District Attorneys are threatening the unconstitutional application of the Statute against Nationwide for using public information in a truthful, non-misleading manner to offer a valuable service to consumers, and because the District Attorneys refuse to acknowledge

that Nationwide's use of lenders' names is for the purpose of comparing its biweekly program to the typical lender's monthly mortgage repayment plan, and, independently, qualifies as a nominative fair use of the lenders' names, Nationwide now brings this action for declaratory and injunctive relief.

### **FIRST CAUSE OF ACTION**

<u>Violation of the First and Fourteenth Amendments of the U.S. Constitution</u>

<u>(42 U.S.C. § 1983)</u>

23. Plaintiff reasserts the allegations contained in paragraphs 1 through 22 of this complaint as if specifically set forth here.

24. Deputy District Attorneys Hubanks and Perez, and their offices, acting under the color of state law, have improperly threatened Nationwide with legal action for its truthful and non-misleading use of publicly available information, which, as applied to Nationwide, is unconstitutional under the First and Fourteenth Amendments of the U.S. Constitution.

25. Restraints on the use of accurate, publically available information are barred by the First and Fourteenth Amendments of the U.S. Constitution. *See, e.g., Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975) (states may not impose sanctions for the publication of truthful information contained in public records). Application of California Business & Professions Code Section 14701(a) and Section 14702 in an effort to impose sanctions upon Nationwide for the use of truthful, publicly available information is unconstitutional under the First and Fourteenth Amendments of the U.S. Constitution.

26. Nationwide now seeks a declaration that, as applied to Nationwide, California Business & Professions Code §§ 14701(a) and 14702 are unconstitutional restraints on free speech and/or that Nationwide's use of lenders' name in truthful, non-misleading offers to potential customers does not violate any valid state law. As applied against Nationwide, any liability under the other California statutes (Cal. Bus. & Prof. Code § 17200 and Cal. Bus. & Prof. Code § 17500), is also barred for the same reasons. Nationwide further seeks an injunction prohibiting Defendants from taking any legal action against Nationwide for exercising its free speech rights as described above.

6

COMPLAINT
DWT 24702127v4 0100966-000001

## SECOND CAUSE OF ACTION

### Violation of the California Constitution, Article I, Section 2

27. Plaintiff reasserts the allegations contained in paragraphs 1 through 26 of this complaint as if specifically set forth here.

28. Deputy District Attorneys Hubanks and Perez, and their offices, acting under the color of state law, have improperly threatened Nationwide with legal action for its truthful and non-misleading use of publicly available information, which, as applied to Nationwide, is unconstitutional under the California Constitution.

29. Restraints on the use of accurate, publically available information are barred by the California Constitution, Article I, Section 2. Application of California Business & Professions Code Section 14701(a) and Section 14702 in an effort to impose sanctions upon Nationwide for the use of truthful, publicly available information is unconstitutional under the California Constitution.

30. Nationwide now seeks a declaration that, as applied to Nationwide, California Business & Professions Code §§ 14701(a) and 14702 are unconstitutional restraints on free speech and/or that Nationwide's use of lenders' name in truthful, non-misleading offers to potential customers does not violate any valid state law. As applied against Nationwide, any liability under the other California statutes (Cal. Bus. & Prof. Code § 17200 and Cal. Bus. & Prof. Code § 17500), is also barred for the same reasons. Nationwide further seeks an injunction prohibiting Defendants from taking any legal action against Nationwide for exercising its free speech rights as described above.

## THIRD CAUSE OF ACTION

### Declaratory Relief

31. Plaintiff reasserts the allegations contained in paragraphs 1 through 30 of this complaint as if specifically set forth here.

32. California Business & Professions Code § 17403 provides that it is not a violation of Section 17401(a) if the use of a lender's name "is exclusively part of a comparison of like services or products in which the person clearly and conspicuously identifies itself or that otherwise constitutes nominative fair use." Nationwide's use of lenders' names and other publicly available

information is used to compare its biweekly program to mortgage lenders' typical monthly repayment program. Specifically, by utilizing a biweekly program, whether with Nationwide or not, home borrowers can repay their mortgages faster and with less interest than by making monthly payments. Nationwide's use of such information also constitutes a nominative fair use.

33. Nationwide seeks a declaration that its practices described above fit within the exceptions set forth in California Business & Professions Code § 14703. Nationwide further seeks an injunction prohibiting Defendants from taking any legal action against Nationwide for violating California Business & Professions Code § 14701 or § 14702 and the other California statutes (Cal. Bus. & Prof. Code § 17200 and Cal. Bus. & Prof. Code § 17500), which Defendants have threatened against Nationwide, and any other application of state law that is in violation of Nationwide's rights under the First and Fourteenth Amendments to the United States Constitution and Article I, Section 2 of the California Constitution.

**REQUEST FOR RELIEF**

Plaintiffs Nationwide Biweekly Administration, Inc., *et al.*, respectfully request that this Court award the following relief:

1. A declaration that (a) Defendants' threatened enforcement of California Business & Professions Code §§ 14701(a) and 14702 is unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution and/or the California Constitution; and/or (b) Nationwide's use of publicly available information in its written offers to potential customers is excluded from liability under California Business & Professions Code § 17403.

2. A declaration that, as applied to Nationwide's activities here, any liability pursuant to California Business & Professions Code § 17200 and California Business & Professions Code § 17500 is also unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution and/or the California Constitution.

3. Injunctive relief, including but not limited to a preliminary injunction and permanent injunction against Defendants prohibiting them from making any threats or taking any action against Nationwide for its use of publicly available information as described above.

4. An award of Nationwide's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, California Code of Civil Procedure § 1021.5, and any other applicable provision of law.

5. Such other relief as this Court may deem just and proper.

Dated: October 2, 2014

DAVIS WRIGHT TREMAINE LLP
BRUCE E. H. JOHNSON
THOMAS R. BURKE
NICOLAS A. JAMPOL

By:   /s/ Thomas R. Burke
        Thomas R. Burke

Attorneys for Plaintiffs

9
COMPLAINT
DWT 24702127v4 0100966-000001

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |
| 2 | Plaintiffs demand a jury trial. |
| 3 | |
| 4 | Dated: October 2, 2014         DAVIS WRIGHT TREMAINE LLP |
| 5 |                                       BRUCE E. H. JOHNSON<br>THOMAS R. BURKE<br>NICOLAS A. JAMPOL |

By:    /s/ Thomas R. Burke
            Thomas R. Burke

Attorneys for Plaintiffs