# MONTEREY COUNTY
## OFFICE OF THE DISTRICT ATTORNEY

DEAN D. FLIPPO, DISTRICT ATTORNEY
CONSUMER AND ENVIRONMENTAL PROTECTION UNIT



July 30, 2013

**By Fax & US Mail (937) 352-1371**

Mr. Daniel Lipsky, President
Nationwide Bi-Weekly Administration, Inc.
855 Lower Bellbrook Road
Xenia, Ohio 45385

RE: <u>People of the State of California v. Nationwide Bi-Weekly Administration, Inc.</u>

Dear Mr. Lipsky:

The District Attorneys for Marin and Monterey County are in receipt of numerous complaints about the marketing and business practices of Nationwide Bi-Weekly Administration, Inc. ("Nationwide"). Your company has been marketing and doing business in California for several years and these complaints indicate a pattern of deceptive business practices having an adverse impact on California consumers. The complaints allege that Nationwide aka Loan Payment Administration mailed solicitations to the consumers referencing the name of the consumers' lenders and the consumers' loan information.

California Business and Professions Code Section 14701(a) states:

> No person shall include the name, trade name, logo, or tagline of a lender in a written solicitation for financial services directed to a consumer who has obtained a loan from the lender <u>without the consent of the lender,</u> unless the solicitation clearly and conspicuously states the person is not sponsored by or affiliated with the lender and that the solicitation is not authorized by the lender, which shall be identified by name. <u>This statement shall be made in close proximity to, and in the same or larger font size as, the first and the most prominent use or uses of the name, trade name, logo, or tagline in the solicitation,</u> including on an envelope or through an envelope window containing the solicitation. (Emphasis added.)

Our investigation shows that Nationwide mails solicitations to consumers which include the name of the consumer's lender in the header of the letter which can be seen through the envelope window. Nationwide appears to use the lender's name in the solicitation without the lender's consent. Nationwide's solicitations contain a concluding statement at the very bottom of the solicitation and in a smaller font then is used for the consumer's lender's name which states in pertinent part: "[Nationwide] is not affiliated, connected, or associated with the lender listed above".

Nationwide's solicitations are in violation of California Business and Professions Code Section 14701(a). The solicitations fail to clearly and conspicuously state in close proximity to, and in the same or larger font size as, the first and the most prominent use or uses of the name, that: 1) Nationwide is not sponsored by the named lender; 2) Nationwide is not affiliated with the named lender; and 3) Nationwide's solicitation is not authorized by the named lender. These required statements are also neither printed on the envelope nor visible through the envelope window. Nationwide's concluding statement does not satisfy any of the statutory requirements of California Business and Professions Code section 14701(a).

California Business and Professions Code Section 14702 states:

> No person shall include a consumer's loan number or loan amount, whether or not publicly available, in a solicitation for services or products without the consent of the consumer, unless the solicitation clearly and conspicuously states, when applicable, that the person is not sponsored by or affiliated with the lender and that the solicitation is not authorized by the lender, and states that the consumer's loan information was not provided to that person by that lender. This statement shall be made in close proximity to, and in the same or larger font as, the first and the most prominent use or uses of the consumer's loan information in the solicitation, including on an envelope or through an envelope window containing the solicitation. (Emphasis added.)

Our investigation shows that Nationwide mails solicitations to consumers which include the consumer's loan amount in the header of the letter. Nationwide includes consumers' loan amounts in their solicitations without the consent of the consumers. Nationwide's solicitations contain a concluding statement at the very bottom of the solicitation and in a smaller font than is used for the loan amount which states in pertinent part: "[Nationwide] is not affiliated, connected, or associated with the lender listed above. Information concerning your loan was obtained from public record."

Nationwide's solicitation letters are in violation of California Business and Professions Code Section 14702. The solicitations fail to clearly and conspicuously state in close proximity to, and in the same or larger font as, the first and the most prominent use or uses of the consumer's loan information in the solicitation, that: 1) Nationwide is not sponsored by the lender; 2) Nationwide is not affiliated with the lender; 3) Nationwide's solicitation is not authorized by the lender; and 4) the consumer's loan information was not provided to Nationwide by the lender. Nationwide's concluding statement does not satisfy any of the statutory requirements of California Business and Professions Code section 14702.

California Business and Professions Code section 17500 prohibits untrue, deceptive, and misleading advertising. Advertisements are deceptive if the statements contained therein have the capacity to mislead members of the public; the intent to deceive is not necessary. Nationwide's solicitations have the capacity to deceive and mislead consumers into believing Nationwide is sponsored by or affiliated with the lender, the solicitation is authorized by the lender, or the consumer's loan information was provided by the lender, due to the prominent placement of the lender's name and the consumer's loan amount in the header of the letter. For example, the placement of the lender's name in the header of the letter may lead the consumer to believe their lender is, in fact, the originator of the correspondence or affiliated with Nationwide. Consequently, Nationwide's solicitations appear to be in violation of California Business and Professions Code section 17500.

Our investigation of Nationwide's solicitations also indicate that Nationwide may be in violation of California's Check Sellers, Bill Payers and Proraters Law (California Finance Code section 12000 et. seq.) "A prorater is a person who, for compensation, engages in whole or in part in the business of receiving money or evidences thereof for the purpose of distributing the money or evidences thereof among creditors in payment or partial payment of the obligations of the debtor." (CA Finance Code section 12002.1) Finance Code section 12200 states in pertinent part that "[n]o person shall engage in the business, for compensation, of...acting as a prorater...without first obtaining a license from the commissioner." Based on the services offered by Nationwide in their solicitation, it would appear Nationwide is acting as a prorater and therefore required to obtain a proraters license. A California prorater license check on the California Department of Business Oversight website failed to show a prorater license issued to either Nationwide Biweekly Administration or Loan Payment Administration.

California Business and Professions Code section 17200 prohibits unlawful business practices or acts which are committed pursuant to business activity and, at the same time, forbidden by law. Any violations of law pursued as a business practice are, per se, violations. As previously stated, Nationwide's solicitations are in violation of Business and Professions Code sections 14701(a) and 14702, and appear to be in violation of Business and Professions Code section 17500 and Finance Code section 12200. By definition, violations of those sections also violate Business and Professions Code section 17200.

We are familiar with the public judgment resolving similar allegations brought by the Ohio State Attorney General's office. We are also cognizant of the fact that Nationwide is registered with the California Secretary of State. From these, we conclude that you and your company are more than familiar with consumer protection laws in the other states in which you do business.

Our immediate goal is a cessation of any unlawful marketing or business practices and the protection of consumers.

We are now determining what formal legal action, if any, will be taken. Before we make that determination, it is our custom to invite the business to meet with us to discuss any potential legal action. While such a meeting is, of course, purely voluntary, it does offer Nationwide the opportunity to provide any information it feels may be relevant to our determination and on whether or not Nationwide is now complying with California law. Additionally, the meeting offers Nationwide the chance to discuss a pre-filing resolution of this case in the form of a public judgment.

If you wish to meet with us, you need to contact the undersigned at your first opportunity to arrange a date and time. Let me emphasize that time is of the essence in this regard.

We look forward to hearing from you.

Sincerely,

John F. Hubanks
Deputy District Attorney
Consumer Protection Unit

cc: Marin County District Attorney

3