BRUCE E. H. JOHNSON (State Bar No. 159927)
  brucejohnson@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 3rd Avenue, Suite 2200
Seattle, Washington 98101
Telephone:    (206) 622-3150
Facsimile:    (206) 757-7700

THOMAS R. BURKE (State Bar No. 141930)
  thomasburke@dwt.com
NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE BIWEEKLY ADMINISTRATION, INC., an Ohio corporation; LOAN PAYMENT ADMINISTRATION LLC, an Ohio limited liability company; and DANIEL S. LIPSKY, an individual;<br><br>　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>JOHN F. HUBANKS, Deputy District Attorney, Monterey County District Attorney's Office, in his official capacity; ANDRES H. PEREZ, Deputy District Attorney, Marin County District Attorney's Office, in his official capacity; MONTEREY COUNTY DISTRICT ATTORNEY'S OFFICE, a County agency; and MARIN COUNTY DISTRICT ATTORNEY'S OFFICE, a County agency,<br><br>　　　　　　　　　Defendants. | Case No. 14-cv-04420-LHK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to Civil L.R. 3-12, Plaintiffs hereby move the Court to determine whether this case should be related to another case filed in this district, captioned *Nationwide Biweekly Administration, Inc. v. Jan Lynn Owen*, *in her official capacity as Commissioner of the Department of Business Oversight for the State of California*, Case No. 14-cv-05166-EJD (the "Licensing Case.").[1] Civil L.R. 3-12 provides that cases are related when: (1) they "concern substantially the same parties, property, transaction or event" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expenses or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). Plaintiffs respectfully submit that both requirements are met as to this case and the Licensing Case.

As to the <u>first requirement</u>, both cases concern the same parties and the same transactions and events: they arise out of the joint, threatened prosecution by the same "prosecution team" against the same party – Nationwide Biweekly Administration, Inc. ("Nationwide") – for the same purported conduct.

Specifically, in this case, defendants John F. Hubanks, Andres H. Perez, the Monterey County District Attorney's Office and the Marin County District Attorney's Office (collectively, the "District Attorney Defendants") threatened to prosecute Plaintiffs for advertising and conducting business in California, claiming that Nationwide violated Bus. & Prof. Code § 14700 *et seq.*, California's unfair competition law (Bus. & Prof. Code § 17200), California's unfair advertising law (Bus. & Prof. Code § 17500), and Cal. Fin. Code § 12000, *et. seq.* (the "Prorater Law") for "acting as a prorater" without a license. (Dkt. 6-5 [July 30, 2013 Letter].) As to the contention that Nationwide had violated the Prorater Law, the District Attorney Defendants referred the issue for prosecution to the Enforcement Division of the Department of Business Oversight ("DBO"), which is under the Supervision of Commissioner Jan Lynn Owen. As stated by the District Attorney Defendants, they, together with the DBO, formed a "prosecution team" that would "be a party to the judgment, stipulated or litigated" against Plaintiffs. (Ex. 2, May 22, 2014 Email.) Further, District Attorney Defendants, DBO, and Nationwide were all parties to two tolling

---

[1] The Complaint filed in the Licensing Case is attached hereto as Exhibit 1.

agreements arising out of this threatened, joint prosecution, and the same parties participated in an all-day meeting at the Monterey County District Attorney's Office on August 26, 2014 concerning the same. (Ex. 3, Lipsky Decl. ISO Mot. for Prelim. Inj., ¶¶ 19-20.)

In both this case and the Licensing Case, Nationwide contends that it may properly conduct its business in California and the threatened prosecution by the so-called "prosecution team" – i.e., the Deputy District Attorneys and the DBO – is unconstitutional. Stated simply, both cases arise out of the same transactions, same events, and same threatened prosecution by the same prosecution team against the same party – Nationwide. Civil L.R. 3-12(a)(1) is accordingly satisfied.

As to the second requirement, the litigation of both cases in this Court will reduce duplication of labor and expense by requiring only a single court to familiarize itself with the facts and witnesses in both cases. Nationwide's business model and operations in California are central to both cases. (*Compare* Dkt. 1, ¶¶ 12-14 *with* Ex. 1, Complaint, ¶¶ 8-15.) Further, both cases involve the threatened joint prosecution of Nationwide based on its business model and operations and important constitutional questions concerning governmental overreaching in violation of constitutional protections. (*Compare* Dkt. 1, ¶¶ 18-22 *with* Ex. 1, Complaint, ¶¶ 19-31.) Moreover, to the extent that any ADR efforts are attempted through the court, all parties would be available before this Court, which could be more productive given that the defendants in both cases view themselves as members of the same "prosecution team." Last, finding these cases related would prevent the possibility of any conflicting results. Although no motion to dismiss is pending in either case, and no defendant has yet to file an answer, there is some likelihood that the defendants (who are all government defendants) will raise some of the same defenses to the claims brought by Nationwide under 42 U.S.C. § 1983. Therefore, Civil L.R. 3-12(a)(2) is also satisfied.

Lastly, pursuant to L.R. 7-11(a), concurrently filed with this administrative motion is a stipulation in which all parties to this lawsuit have agreed that this case and the Licensing Case should be deemed related.

* * *

For the reasons stated herein, Plaintiffs respectfully submit that the requirements of Civil L.R. 3-12 are met, and that this Court should find that this case is related to the Licensing Case.

Dated: December 8, 2014

DAVIS WRIGHT TREMAINE LLP
BRUCE E. H. JOHNSON
THOMAS R. BURKE
NICOLAS A. JAMPOL

By: /s/ Bruce E. H. Johnson
Bruce E. H. Johnson

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

On December 8, 2014, I filed the foregoing document with the Court's CM/ECF filing system, which will serve all parties and counsel of record in this case. Pursuant to Civil L.R. 3-12(b), a courtesy copy of the foregoing motion will be lodged with the assigned Judge in each related case. Further, a copy of the foregoing motion will be delivered to counsel for Jan Lynn Owen, Commissioner of the Department of Business Oversight for the State of California:

Anne Michelle Burr
Attorney General
Business & Tax Section
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
annemichell.burr@doj.ca.gov

/s/ Thomas R. Burke