STEVEN M. WOODSIDE, COUNTY COUNSEL
Brian Charles Case, SBN 254218
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.: (415) 473-6117, Fax: (415) 473-3796

Attorney(s) for County of Marin (a.k.a. Marin County District Attorney's Office) and Deputy District Attorney Andres H. Perez

CHARLES J. MCKEE, COUNTY COUNSEL
William Merrill Litt SBN 166614
168 W Alisal Street, 3rd Floor
Salinas, CA 93901
Tel.: (831) 755-5045, Fax (831) 755-5283

Attorney(s) for County of Monterey (a.k.a. Monterey County District Attorney's Office) and Deputy District Attorney John Hubanks

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFONIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONWIDE BIWEEKLY ADMINISTRATION, INC, an Ohio Corporation; LOAN PAYMENT ADMINISTRATION LLC, AN Ohio limited liability company; and DANIEL S. LIPSKY, an individual; <br><br> Plaintiffs, <br><br> v. <br><br> JOHN F. HUBANKS, Deputy District Attorney, Monterey County District Attorney's Office, in his official capacity; ANDRES H. PEREZ, Deputy District Attorney, Marin County District Attorney's Office, in his official capacity; MONTEREY COUNTY DISTRICT ATTORNEY'S OFFICE, a County Agency; and MARIN COUNTY DISTRICT ATTORNEY'S OFFICE, a County agency, <br><br> Defendants. | Case No.: 14-cv-04420-LHK <br><br> JOINT CASE MANAGEMENT STATEMENT <br><br> Date: March 12, 2015 <br> Time: 1:30 PM <br> Dept: Courtroom 8, 4th Floor <br><br> Before: Hon. Lucy H. Koh |

67871.doc

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, the parties hereby submit this Joint Case Management Statement.

**1.      Jurisdiction and Service**

This Court has subject matter jurisdiction in this action under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a)(3), and principles of pendent and supplemental jurisdiction.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

All Defendants have either been served or have voluntarily waived service in this action.  To date, no party has objected to this Court's exercise of personal jurisdiction.

**2.      Statements of Alleged Facts**

**a.      Plaintiffs' Statement**

Plaintiffs Nationwide Biweekly Administration, Inc., Loan Payment Administration LLC, and Daniel S. Lipsky (collectively, "Nationwide") administer a biweekly program to mortgage borrowers, which enables them to repay their loans faster and with significantly less interest as compared to the traditional monthly repayment program offered by most lenders.  Nationwide has an excellent Better Business Bureau rating and a 97.3% customer satisfaction rate.  This program allows the customer to achieve tens of thousands of dollars of interest savings over the life of their loan.  Over 125,000 customers across the country, including over 10,000 in California, use Nationwide's program to achieve interest savings and faster loan repayment.  Nationwide is licensed and in good standing in over 40 states, including California, where Nationwide has been licensed since 2004.

Many consumers do not know about the idea of a biweekly program.  To inform consumers about its program, Nationwide obtains basic information about recently closed mortgages from public records (including the borrower's name and address, the lender name, and the loan amount), and sends letters to mortgage borrowers that reference their name and address, and their lender's name as provided in the public records (the "Offer Letters").  Nationwide identifies the name of the recipient's lender in the Offer Letters to communicate to the recipient that the offer is available for their particular loan with that particular lender (as opposed to a non-targeted mass mailing, which may or may not apply to them).

The Offer Letters also contain an easy-to-read chart that demonstrates the tens of thousands of dollars borrowers can save and accelerated loan pay off with a biweekly program when compared to their lender's typical monthly repayment plan. As explained in its Motion for Preliminary Injunction and supporting papers, Nationwide communicates to consumers multiple times in writing in its Offer Letters that it is not a lender and is not affiliated with the consumers' mortgage lenders. Many consumers do not know about biweekly programs and Nationwide's letter is often the first way a consumer learns about how biweekly programs can save the consumer tens of thousands of dollars.

On October 2, 2014, Nationwide filed this action, seeking declaratory and injunctive relief to protect its First Amendment rights from the threatened unconstitutional application to Nationwide of California Business & Professions Code 14700 *et seq.* (the "Statute"), as well as California's unfair competition statute (Cal. Bus. & Prof. Code § 17200) and false advertising law (Cal. Bus. & Prof. Code § 17500 by two Deputy District Attorneys. The District Attorneys are seeking to restrict truthful, non-misleading commercial speech and, at the same time, shut their eyes to the Statute's two exceptions, which both apply to Nationwide's conduct here. Additionally, the District Attorneys' Offices that employed these two Deputy District Attorneys improperly incentivized their conduct in threatening unmeritorious consumer actions because of their own budgetary policies and customs surrounding Proposition 64, which directs 100% of the fines and penalties collected in settlement of threatened consumer protection actions to the county that prosecutes the action. For these reasons and those set forth in Nationwide's briefing, Nationwide disputes Defendants' opportunistic, speculative, and unfounded allegations.

After a meeting on August 26, 2014, Defendant Deputy District Attorneys refused a requested meeting and threatened an imminent lawsuit. Nationwide had no choice but to seek relief from this Court to prevent substantial imminent harm as more detailed in the evidence before the Court.

  **b. Defendants' Statement**

Plaintiffs Nationwide Biweekly Administration, Inc., Loan Payment Administration, LLC, and Daniel S. Lipsky ("Plaintiffs" or "Nationwide Biweekly") and its affiliates operate loan repayment programs throughout the United States. According to the pleadings filed by Plaintiffs in this action,

"Nationwide is one of the country's largest and most recognized administrators for biweekly loan repayment programs, and is currently helping over 125,000 borrowers across the country, including over 10,000 borrowers in California." ECF No. 1, at 2:20-22.

Nationwide Biweekly's business model, in a nutshell, is to collect mortgage payments from its client-borrowers biweekly and make mortgage payments to the lender on behalf of the borrowers. Mortgage lenders do not allow borrowers to make biweekly payments; however, because Nationwide Biweekly collects 26 mortgage payments per year instead of 12, Nationwide Biweekly can make one additional mortgage payment per year on behalf of each client-borrower. This eventually allows the borrower to pay off the loan sooner.

The problem with Nationwide Biweekly's conduct is twofold. First, the solicitations it mails to borrowers are not in compliance with specific laws designed to protect consumers from being misled into thinking that Nationwide Biweekly is affiliated with the homeowner's mortgage lender; telephonic scripts used by Nationwide Biweekly's customer service representatives reinforce this misconception. Second, Nationwide Biweekly's written solicitations fail to mention the hefty fee, automatically debited from the borrower's bank account, that the firm charges for its services; moreover, the employees responding to calls from borrowers are carefully trained to obscure the existence or amount of this fee.

In 2013, in response to local consumer complaints and to enforcement actions in other jurisdictions, Deputy District Attorney Andres H. Perez of the Marin County, California, District Attorney's Office and Deputy District Attorney John F. Hubanks of the Monterey County, California, District Attorney's Office began investigating Nationwide Biweekly.

Mr. Perez and Mr. Hubanks determined that Nationwide Biweekly's solicitations violate California Business & Professions Code section 14700 *et seq.*, constitute unfair and deceptive business practices pursuant to Business & Professions Code section 17200 *et seq.*, involve deceptive advertising as defined by Business & Professions Code section 17500 *et seq.*, and may violate other statutes as well, including Financial Code section 12000 *et seq.* ("the Prorater Law"). For approximately a year they communicated with Nationwide Biweekly's attorneys and principal, Mr. Lipsky, attempting to negotiate a resolution that would enable Nationwide Biweekly to continue doing business in California, while protecting California consumers from Nationwide Biweekly's deceptive practices. They entered into

4

tolling agreements, and made every effort to work cooperatively with Nationwide Biweekly's representatives.

Eventually, Hubanks and Perez determined that their efforts were unlikely to bear fruit, so they resolved to file a civil enforcement action and informed Nationwide Biweekly's counsel of their intentions. When notified that the District Attorneys were unwilling to agree to a further tolling agreement, Nationwide Biweekly responded by filing the instant action and motion for preliminary injunction.

Plaintiffs seek to enjoin Deputy District Attorneys Hubanks and Perez from enforcing lawful, constitutional, California consumer protection laws that serve to protect homeowners from solicitations that could lead them to make uninformed financial decisions. Homeowners who see the name of their lender on a piece of mail – in several locations -- tend to trust that name and believe the sender is affiliated with or approved by the lender. Nationwide Biweekly's strategy is to encourage and perpetuate the borrowers' misconceptions, and hide the existence and amount of the fees it exacts for its services.

**3.  Legal Issues**

The legal issues are whether enforcement of the Statute against Nationwide would violate the U.S. and California Constitutions, whether Nationwide is exempt from liability under the exceptions set forth in Section 14703 of the Statute for comparison of like services and for nominative fair uses, and whether Nationwide is entitled to declaratory and/or injunctive relief.

**4.  Motions**

Pending before the Court are Defendants' Joint Motion to Dismiss Plaintiffs' Complaint (ECF No. 34), Defendants' Joint Motion to Strike Second and Third Causes of Action (ECF No. 33), Plaintiffs' Motion for Preliminary Injunction (ECF No. 5), and Plaintiffs' Amended Motion for Preliminary Injunction (ECF No. 17). The Court denied Defendants' Joint Motion to Dismiss (ECF No. 20) as moot, after Defendants stipulated to waive alleged defects in service and Nationwide stipulated to changing Defendants' time to respond to the Complaint and Motion for Preliminary Injunction. The Court granted Plaintiffs' Motion to Relate Case (EFC No. 29).

The parties anticipate possible motions for summary judgment depending on the resolution of the pending motions.

**5.     Amendment of Pleadings**

Nationwide may amend its complaint.

**6.     Evidence Preservation**

The parties assert that they have taken steps to preserve documents and communications that are relevant to the issues reasonably evident in this Action and the causes of action set forth therein. The parties assert that they have reviewed the Guidelines Relations to the Discovery of Electronically Stored Information. The parties will meet and confer pursuant to Fed. R. Civ. P. 26(f).

**7.     Disclosures**

Given that the issues in dispute may be narrowed or modified by the pending motions and/or an amendment to the complaint, Nationwide requests that the Court enter a scheduling order requiring the exchange of initial disclosures following resolution of the pending motions.

Defendants believe that the parties should exchange initial disclosures before resolution of the pending motions and requests that the Court enter a scheduling order reflecting same.

**8.     Discovery**

Formal discovery has not commenced. The parties expect to conduct discovery pursuant to the Federal Rules of Civil Procedure. At this stage the parties do not anticipate seeking any modifications to the standard FRCP discovery limitations, but reserve their respective rights to request modification should the need arise.

**9.     Class Actions**

This case is not a class action.

**10.    Related Cases**

Pursuant to Plaintiffs' Administrative Motion to Consider whether cases should be related, filed on December 8, 2014, (EFC 27), on December 16, 2014, the Court administratively related this Action to *Nationwide Biweekly Administration, Inc. v. Jan Lynn Owen*, Case No. 14-cv-05166-EJD ("*Owen*"). *Owen* then was transferred to the Honorable Lucy H. Koh.

**11.   Relief Sought**

Nationwide seeks declaratory and injunctive relief and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and California Code of Civil Procedure § 1021.5. Nationwide also seeks its attorneys' fees in having to oppose Defendants' anti-SLAPP motion.

If Defendants' Anti-SLAPP motion to strike is granted, Defendants will seek their attorney fees and costs incurred in connection with the motion to strike.

**12.   Settlement and ADR**

The parties have not exchanged any settlement offers or demands at this time, or participated in any form of Alternative Dispute Resolution.

**13.   Consent to Magistrate Judge for All Purposes**

Nationwide, and Defendants County of Marin and Deputy District Perez, declined to consent to assignment of the action to a Magistrate Judge for all purposes.

**14.   Other References**

This case is not suitable for reference to binding arbitration, a special master, or the judicial panel on multidistrict litigation.

**15.   Narrowing of Issues**

At this time, the parties do not have any requests to bifurcate issues, claims, or defenses. The parties will need to conduct discovery, if appropriate, to assess whether there are issues that can be narrowed by agreement or motion, or whether there are any ways of expediting the presentation of evidence at trial through stipulation or otherwise.

**16.   Expedited Schedule**

The parties agree that this case is not appropriate for expedited trial procedure under the Expedited Trial Procedure of General Order No. 64, Attachment A.

<u>Defendants' Additional Statement</u>: But, because Plaintiffs are seeking injunctive relief, and because Defendants seek a prompt disposition of the complaint, Defendants are agreeable to the Court advancing the trial date. More generally, Defendants are agreeable to the concept of expedited scheduling.

**17.    Scheduling**

Plaintiffs' Statement:

Given that the issues in dispute may be narrowed or modified by the pending motions and/or an amendment to the complaint, Nationwide requests that the Court enter a scheduling order following resolution of the pending motions.

Defendants' Statement:

Defendants believe that the parties should exchange initial disclosures before resolution of the pending motions and requests that the Court enter a scheduling order reflecting same. But, Defendants otherwise join in Plaintiffs request that the Court enter all other scheduling orders following resolution of the pending motions. As previously stated, Defendants are agreeable to the concept of expedited scheduling.

**18.    Trial**

The parties have agreed to a bench trial, which they expect to take 3 days.

**19. Disclosure of Non-Party Interested Entities or Persons**

Nationwide has filed its "Certification of Interested Entities or Persons," as required by Civil Local Rule 3-15. Defendants have no certification requirement under that rule. As required by this Court's Standing Order concerning Contents of Joint Case Management Statement, Nationwide also restates its Certification as follows:

| | |
|---|---|
| Nationwide Biweekly Administration, Inc. | Plaintiff |
| Loan Payment Administration LLC | Plaintiff |
| Daniel S. Lipsky | Plaintiff |
| John F. Hubanks | Defendant |
| Andres H. Perez | Defendant |
| Monterey County District Attorney's Office | Defendant |
| Marin County District Attorney's Office | Defendant |

**20.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other Matters**

The parties have no additional matters at this time.

Dated: March 5, 2015                              DAVIS WRIGHT TREMAINE LLP

                                                  By:    /s/ Thomas R. Burke
                                                                Thomas R. Burke
                                                  Attorneys for Plaintiffs

Dated: March 5, 2015                              STEVEN M. WOODSIDE, COUNTY COUNSEL

                                                  By:    /s/ Brian Charles Case
                                                                Brian Charles Case
                                                  Deputy County Counsel
                                                  Attorneys for Defendants ANDRES H. PEREZ
                                                  and the COUNTY OF MARIN

Dated: March 5, 2015                              CHARLES J. MCKEE, COUNTY COUNSEL

                                                  By:    /s/ William Merrill Litt
                                                                William Merrill Litt
                                                  Deputy County Counsel
                                                  Attorneys for Defendants JOHN F. HUBANKS
                                                  and the COUNTY OF MONTEREY