STEVEN M. WOODSIDE, COUNTY COUNSEL
Brian Charles Case, SBN 254218
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.: (415) 473-6117, Fax: (415) 473-3796
Attorney(s) for County of Marin (a.k.a. Marin County District Attorney's Office)
and Deputy District Attorney Andres H. Perez

CHARLES J. MCKEE, COUNTY COUNSEL
William M. Litt, SBN 166614
168 W Alisal Street, 3rd Floor
Salinas, CA 93901
Tel.: (831) 755-5045, Fax: (831) 755-5283

Attorney(s) for County of Monterey (a.k.a. Monterey County District Attorney's Office)
and Deputy District Attorney John Hubanks

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE BIWEEKLY ADMINISTRATION, INC., an Ohio Corporation; LOAN PAYMENT ADMINISTRATION LLC, an Ohio limited liability company; and DANIEL S. LIPSKY, an individual;<br><br>Plaintiffs,<br>v.<br>JOHN F. HUBANKS, Deputy District Attorney, Monterey County District Attorney's Office, in his official capacity; ANDRES H. PEREZ, Deputy District Attorney, Marin County District Attorney's Office, in his official capacity; MONTEREY COUNTY DISTRICT ATTORNEY'S OFFICE, a County Agency; and MARIN COUNTY DISTRICT ATTORNEY'S OFFICE, a County agency,<br><br>Defendants. | Case No.: 5:14-CV-04420-LHK<br><br>**DEFENDANTS' JOINT RULE 12(g) JOINING MOTION TO DISMISS (JOINING A SUCCESSIVE RULE 12 MOTION BASED ON GROUNDS NOT AVAILABLE TO DEFENDANTS AT TIME OF ORIGINAL RULE 12 MOTION)**<br><br>(FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(g)(1)-(2) )<br><br>Hearing Date: October 1, 2015<br>Time: 1:30 p.m.<br>Judge: Hon. Lucy H. Koh<br>Courtroom: Courtroom #8, 4th Floor<br>Address: 280 South First Street<br>San Jose, CA 95113 |

/ / / / /

/ / / / /

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 1, 2015 at 1:30 p.m., or as soon thereafter as counsel may be heard, before the Hon. Lucy H. Koh in Courtroom 8, 4th Floor, of the United States Courthouse located at 280 South First Street, San Jose, CA., Defendants County of Marin, County of Monterey, John F. Hubanks, and Andres H. Perez will move the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), on grounds that were not available to the defendants at the time they made their original Rule 12 motion. This joining motion is brought as a matter of right, because the grounds for dismissal were not available to the defendants at the time their original motion was filed. *See* FED. R. CIV. P. 12(g), providing:

> Joining Motions.
>
> (1) *Right to Join.* A motion under this rule may be joined with any other motion allowed by this rule.
>
> (2) *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Here, the grounds for dismissal arose on May 15, 2015, the date that the District Attorneys filed an enforcement action in state court against Nationwide Biweekly. This motion is filed on the first date that it could be brought. Accordingly, this joining motion is made as a matter of right.

The relief the moving parties jointly seek is an order dismissing Nationwide Biweekly's Complaint against all defendants, without leave to amend, on the basis of *Younger* abstention (lack of subject-matter jurisdiction).

The motion to dismiss is based upon this Notice, the attached Memorandum of Points and

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

*ii*

Authorities, the Request for Judicial Notice served and filed herewith, the papers and pleadings on file herein, and upon such other matters as may be presented to the court at the time of the hearing.

Dated: May 15, 2015          CHARLES J. McKEE, COUNTY COUNSEL

By:   */s/ William Litt*
     WILLIAM M. LITT
     Deputy County Counsel
     Attorneys for Defendants JOHN F. HUBANKS
     and the COUNTY OF MONTEREY

Dated: May 15, 2015          STEVEN M. WOODSIDE, COUNTY COUNSEL

By:   */s/ Brian Case*
     BRIAN C. CASE
     Deputy County Counsel
     Attorneys for Defendants Andres H. Perez and
     the COUNTY OF MARIN

*iii*

*Nationwide v. John F. Hubanks, et al.*          Case No. 5:14-CV-4420-LHK
Defs' Joint Rule 12(g) Joining Motion to Dismiss, etc.

# **TABLE OF CONTENTS**

I. THIS SUCESSIVE RULE 12 MOTION IS BASED ON GROUNDS NOT AVAILABLE TO DEFENDANTS AT TIME OF ORIGINAL RULE 12 MOTION AND IS THEREFORE BROUGHT AS A MATTER OF RIGHT ..................................................................................................

II. STATEMENT OF ISSUES.............................................................................................

III. STATEMENT OF FACTS ............................................................................................

IV. YOUNGER ABSTENTION IS REQUIRED IN LIGHT OF THE DISTRICT ATTORNEYS' PENDING ENFORCEMENT ACTION ........................................................................

V.   CONCLUSION..………………………………………………………………………

*Nationwide v. John F. Hubanks, et al.*  Case No. 5:14-CV-4420-LHK
Defs' Joint Rule 12(g) Joining Motion to Dismiss, etc.

# TABLE OF AUTHORITIES

**CASES**

*Hawaii Housing Auth. V. Midkiff*
    467 U.S. 229, 238(1984).................................................................................................
*Hicks v. Miranda*
    422 U.S. 332, 339-352(1975) ........................................................................................
*Huffman v. Pursue, Ltd.*
    420 U.S. 592(1975).........................................................................................................
*Moore v. Sims*
    442 U.S. 415 (1979).......................................................................................................
*Polykoff v. Collins*
    816 F.2d 1326, 1332 (9th Cir. 1987) .............................................................................
*ReadyLink Healthcare, Inc. v. State Compensation Insurance Fund*
    754 F.3d 754, 759 (9th Cir. 2014) .................................................................................
*Samuels v. Mackell,.*
    401 U.S. 66, 73 (1971)...................................................................................................
*Steffell v. Thompson*
    415 U.S. 452, 454 (1974)...............................................................................................
*Younger v. Harris*
    401 U.S. (U.S. 1978)......................................................................................................

**RULES & STATUTES**

Business & Professions Code
    Section 14700.................................................................................................................
    Section 17500 ................................................................................................................

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THIS SUCESSIVE RULE 12 MOTION IS BASED ON GROUNDS NOT AVAILABLE TO DEFENDANTS AT TIME OF ORIGINAL RULE 12 MOTION AND IS THEREFORE BROUGHT AS A MATTER OF RIGHT

This joining motion is brought as a matter of right, because the grounds for dismissal were not available to the defendants at the time their original motion was filed. *See* FED. R. CIV. P. 12(g), providing:

> Joining Motions.
>
> (1) *Right to Join.* A motion under this rule may be joined with any other motion allowed by this rule.
>
> (2) *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Here, the grounds for dismissal arose on May 15, 2015, the date that the District Attorneys filed an enforcement action in state court against Nationwide Biweekly. This motion is filed on the first date that it could be brought. Accordingly, this joining motion is made as a matter of right.

## II. STATEMENT OF ISSUES

Plaintiff's ("Nationwide Biweekly's") Complaint seeks declaratory relief, to enjoin the efforts of Deputy District Attorneys Hubanks and Perez to enforce lawful, constitutional, California consumer protection laws that serve to protect homeowners from solicitations that could potentially cause them to make uninformed financial decisions, because homeowners who see the name of their lender on a piece of mail tend to trust that name. Nationwide alleges three purported "causes of action," in support of the requested relief, to enjoin enforcement of these laws: (1) Violation of the First and Fourteenth Amendments of the U.S. Constitution (42 U.S.C. § 1983); (2) Violation of the California Constitution, Article 1, Section 2; and (3) Declaratory Relief. ECF No. 1, 1-11. On May 15, 2015, Deputy District Attorneys Hubanks and Perez, joined by their colleagues in the Alameda County District Attorney's Office and the California Department of Business Oversight, filed a civil enforcement action against the Plaintiffs in the instant action entitled *The People of the State of*

1

*Nationwide v. John F. Hubanks, et al.*                      Case No. 5:14-CV-4420-LHK
Defs' Joint Rule 12(g) Joining Motion to Dismiss, etc.

*California v. Nationwide Biweekly Administration, et al.*, Alameda County Superior Court Case No. RG15770490. The issues presented by this motion are as follows:

> A) Whether this Court should decline to exercise subject matter jurisdiction because this suit should be dismissed under the *Younger* abstention doctrine because of the pendency of the civil enforcement action in Superior Court.

All Defendants (County of Marin, County of Monterey, Deputy D.A. Perez, Deputy D.A. Hubanks) respectfully submit that this court should resolve this issue in their favor, and accordingly, dismiss the Complaint against each of them, without leave to amend.

## III. STATEMENT OF FACTS

Plaintiff Nationwide Biweekly Administration, Inc. ("Nationwide Biweekly") and its affiliates operate loan repayment programs throughout the United States. According to the pleadings filed by Plaintiffs in this action, "Nationwide is one of the country's largest and most recognized administrators for biweekly loan repayment programs, and is currently helping over 125,000 borrowers across the country, including over 10,000 borrowers in California." ECF No. 1, at 2:20-22.

Nationwide Biweekly's business model, in a nutshell, is to collect mortgage payments from its client-borrowers biweekly and make mortgage payments to the lender on behalf of the borrowers. Mortgage lenders do not allow borrowers to make biweekly payments; however, because Nationwide Biweekly collects 26 mortgage payments per year instead of 12, Nationwide Biweekly can make one additional mortgage payment per year on behalf of each client-borrower. This eventually allows the borrower to pay off the loan sooner.

The problem with Nationwide Biweekly's conduct is twofold. First, the solicitations it mails to borrowers are not in compliance with specific laws designed to protect consumers from being misled into thinking that Nationwide Biweekly is affiliated with the homeowner's mortgage lender; telephonic scripts used by Nationwide Biweekly's customer service representatives reinforce this misconception. Second, Nationwide Biweekly's written solicitations fail to mention the hefty fee, automatically debited from the borrower's bank account, that the firm charges for its services;

moreover, the employees responding to calls from borrowers are carefully trained to obscure the existence or amount of this fee.

In 2013, in response to local consumer complaints and to enforcement actions in other jurisdictions, Deputy District Attorney Andres H. Perez of the Marin County, California, District Attorney's Office and Deputy District Attorney John F. Hubanks of the Monterey County, California, District Attorney's Office began investigating Nationwide Biweekly.

Mr. Perez and Mr. Hubanks determined that Nationwide Biweekly's solicitations violate California Business & Professions Code section 14700 *et seq.*, constitute unfair and deceptive business practices pursuant to Business & Professions Code section 17200 *et seq.*, involve deceptive advertising as defined by Business & Professions Code section 17500 *et seq.*, and may violate other statutes as well, including Financial Code section 12000 *et seq.* ("the Prorater Law").  For approximately a year they communicated with Nationwide Biweekly's attorneys and principal, Mr. Lipsky, attempting to negotiate a resolution that would enable Nationwide Biweekly to continue doing business in California, while protecting California consumers from Nationwide Biweekly's deceptive practices.  They entered into tolling agreements, and made every effort to work cooperatively with Nationwide Biweekly's representatives.

Eventually, Hubanks and Perez determined that their efforts were unlikely to bear fruit, so they resolved to file a civil enforcement action and informed Nationwide Biweekly's counsel of their intentions.  Nationwide Biweekly responded by filing the instant action and motion for preliminary injunction, strategic preemptive strikes in federal court.

On May 15, 2015, after this Court denied Plaintiffs' preliminary injunction request, Deputy DAs Hubanks and Perez, joined by their colleagues in the Alameda County District Attorney's Office and the California Department of Business Oversight, filed a civil enforcement action against the Plaintiffs in the instant action entitled *The People of the State of California v. Nationwide Biweekly Administration, et al.*, Alameda County Superior Court Case No. RG15770490.  *See Exhibit 1 to Defendants' Joint Rule 12(g) Joining Motion To Dismiss*.

3

## IV. YOUNGER ABSTENTION IS REQUIRED IN LIGHT OF THE DISTRICT ATTORNEYS' PENDING ENFORCEMENT ACTION.

After surveying the history of federal intervention and non-intervention into state court proceedings, the Supreme Court stated in *Younger v. Harris*, "[s]ince the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." 401 U.S. 37, 43 (U.S. 1971). Accordingly, the Court continued, "it has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45. This approach, recognized even when First Amendment rights may be chilled as a result of state prosecutions, has come to be known as the *Younger* abstention doctrine.

Under the *Younger* abstention doctrine, federal courts are precluded from enjoining enforcement of a state statute that is the basis for a pending criminal prosecution against the federal plaintiff. *Steffel v. Thompson*, 415 U.S. 452, 454 (1974). The duty to abstain under *Younger* is not jurisdictional but is premised in principles of equity and comity. *See Younger*, 401 U.S. at 43-44. Equity bars courts from providing equitable relief when the moving party has an adequate remedy at law and will not suffer irreparable injury. *Id.* Comity requires federal courts to maintain respect for state functions. *Id.* The same principles likewise prohibit a federal court from awarding declaratory relief regarding the constitutionality of a statute that is the subject of a pending state criminal prosecution. *Samuels v. Mackell*, 401 U.S. 66, 73 (1971). "[E]ven if the declaratory judgment is not used as a basis for actually issuing an injunction, the declaratory relief alone has virtually the same practical impact as a formal injunction would." *Id.* at 72.

*Younger* abstention also applies to state civil proceedings that are akin to criminal prosecutions, such as the enforcement action filed by the Defendants herein. See *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975). In 2014 the Ninth Circuit Court of Appeals held: "In civil cases . . . *Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges."

4

*ReadyLink Healthcare, Inc. v. State Compensation Insurance Fund*, 754 F.3d 754, 759 (9th Cir. 2014). All of those factors are present in the District Attorneys' enforcement action. Citing *Sprint Communications, Inc. v. Jacobs, 134 S. Ct. 584*, 592 (2013), the *Readylink* court described a civil enforcement action as one in which, "'a state actor is routinely a party to the state proceeding and often initiates the action,' the proceedings 'are characteristically initiated to sanction the federal plaintiff … for some wrongful act,' and '[i]nvestigations are commonly involved, often culminating in the filing of a formal complaint or charges.'" 754 F.3d at 759. That is precisely the type of action at issue here.

The District Attorneys filed the civil enforcement action on May 15, 2015, approximately seven months after Plaintiffs filed their action for injunctive and declaratory relief. *See Exhibit 1 to Defendant's Joint Request for Judicial Notice In Support of Amended Motion to Dismiss*. Under the circumstances of this case, it is by no means dispositive that Plaintiffs filed first. "*Younger* abstention is appropriate only if there are pending state judicial proceedings." *Polykoff v. Collins,* 816 F.2d 1326, 1332 (9th Cir.1987). A state proceeding is "pending" for *Younger* purposes if state proceedings have been initiated "before any proceedings of substance on the merits have taken place in the federal court." *Id.* (quoting *Hawaii Housing Auth. v. Midkiff,* 467 U.S. 229, 238 (1984)). *Issuance* of a preliminary injunction is considered to be a proceeding of substance for *Younger* purposes, *see Midkiff,* 467 U.S. at 238, but a district court's *refusal* to grant a preliminary injunction is not a proceeding of substance on the merits unless the court held extensive hearings on the matter. *See Hicks v. Miranda,* 422 U.S. 332, 339-352 (1975); *Polykoff,* 816 F.2d at 1332. In this case, of course, the Court declined to grant a preliminary injunction, and did not hold hearings on the matter.

*Younger* itself, although involving a criminal prosecution, implicated and addressed First Amendment issues closely analogous to those at issue in the instant case. As the *Younger* court emphasized, "the existence of a 'chilling effect,' even in the area of First Amendment rights, has never been considered a sufficient basis, in and of itself, for prohibiting state action. Where a statute does not directly abridge free speech, but -- while regulating a subject within the State's power -- tends to have the incidental effect of inhibiting First Amendment rights, it is well settled that the statute can be upheld if the effect on speech is minor in relation to the need for control of the conduct

5

and the lack of alternative means for doing so." 401 U.S. at 51. Such is the case with the simple disclosures necessary to allow Plaintiffs to conduct business in a manner that is transparent to consumers and compliant with state law.

Plaintiffs may further attempt to distinguish *Younger* on the grounds that it involved a facial challenge to the constitutionality of the statute in question. Plaintiffs take great pains to characterize their action as an as-applied challenge to Business and Professions Code section 14700 *et seq.*, but in reality they are challenging the application to them of consumer protection statutes that have never been parsed in a published decision and that the California legislature adopted specifically to address the pernicious effects of Plaintiffs' business model. If the statutes are unconstitutional as applied to Plaintiffs, they must be facially unconstitutional.

**V. CONCLUSION**

Plaintiffs' action is the paradigmatic case for *Younger* abstention. This honorable Court therefore should decline to exercise subject matter jurisdiction. FED. R. CIV. P. 12(b)(1).

Defendants respectfully request that this Court grant its Motion to Dismiss, without leave to amend.

Dated: May 15, 2015              CHARLES J. McKEE, COUNTY COUNSEL

By:  */s/ William Litt*
WILLIAM M. LITT
Deputy County Counsel
Attorneys for Defendants JOHN F. HUBANKS
and the COUNTY OF MONTEREY

Dated: May 15, 2015              STEVEN M. WOODSIDE, COUNTY COUNSEL

By:  */s/ Brian Case*
BRIAN C. CASE
Deputy County Counsel
Attorneys for Defendants Andres H. Perez and
the COUNTY OF MARIN

6