BRUCE E. H. JOHNSON (State Bar No. 159927)
    brucejohnson@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 3rd Avenue, Suite 2200
Seattle, Washington 98101
Telephone:    (206) 622-3150
Facsimile:    (206) 757-7700

THOMAS R. BURKE (State Bar No. 141930)
    thomasburke@dwt.com
NICOLAS A. JAMPOL (State Bar No. 244867)
    nicolasjampol@dwt.com
DIANA PALACIOS (State Bar No. 290923)
    dianapalacios@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE BIWEEKLY ADMINISTRATION, INC., an Ohio corporation; LOAN PAYMENT ADMINISTRATION LLC, an Ohio limited liability company; and DANIEL S. LIPSKY, an individual;<br><br>                    Plaintiffs,<br><br>        vs.<br><br>JOHN F. HUBANKS, Deputy District Attorney, Monterey County District Attorney's Office, in his official capacity; ANDRES H. PEREZ, Deputy District Attorney, Marin County District Attorney's Office, in his official capacity; MONTEREY COUNTY DISTRICT ATTORNEY'S OFFICE, a County agency; and MARIN COUNTY DISTRICT ATTORNEY'S OFFICE, a County agency,<br><br>                    Defendants. | Case No. 14-cv-04420-LHK<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' THIRD MOTION TO DISMISS (DKT. # 58)**<br><br>Date:       June 25, 2015<br>Time:       1:30 p.m.<br>Crtrm:     Courtroom 8 - 4th Floor |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND ......................................... 1

III. THIS ACTION IS NOT BARRED BY *YOUNGER*. ......................................... 3

    A.    Federal Courts Have a Virtually Unflagging Obligation to Hear Cases Involving Federal Constitutional Claims. ................................................ 3

    B.    *Younger* Abstention is Inapplicable Here. .............................................. 4

    C.    The District Attorneys' Cases Are Inapposite, and Their Position Would Encourage Gamesmanship by State Defendants in Federal Court. ......... 7

    D.    Even if *Younger* Abstention is Applicable, This Case is Excepted From the Doctrine. .................................................................................................. 8

IV. CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

Page

**Cases**

*Adultworld Bookstore v. Fresno,*
    758 F.2d 1348 (9th Cir. 1985) ................................................................. 5

*B.A.P., Inc. v. McCulloch,*
    994 F. Supp. 1131 (E.D. Mo. 1998) ........................................................ 6

*Chiropractic Alliance of New Jersey v. Parisi,*
    854 F. Supp. 299 (D.N.J. 1994) ......................................................... 9, 10

*Cohens v. Virginia,*
    19 U.S. 264 (1821) .................................................................................. 4

*Colorado River Water Conservation Dist. v. United States,*
    424 U.S. 800 (1976) ................................................................................ 4

*Cottonwood Christian Ctr. v. Cypress Redevelopment Agency,*
    218 F. Supp. 2d 1203 (C.D. Cal. 2002) .................................................. 5

*Doran v. Salem Inn, Inc.,*
    422 U.S. 922 (1975) ............................................................................. 5, 8

*For Your Eyes Alone, Inc. v. City of Columbus,*
    281 F.3d 1209 (11th Cir. 2002) ......................................................... 5, 7, 8

*Gilbertson v. Albright,*
    381 F.3d 965 (9th Cir. 2004) (*en banc*) .................................................. 8

*Haw. Hous. Auth. v. Midkiff,*
    467 U.S. 229 (1984) ............................................................................. 5, 8

*Heimbach v. Lyons,*
    597 F.2d 344 (2d Cir. 1979) ................................................................... 9

*Hicks v. Miranda,*
    422 U.S. 332 (1975) ......................................................................... 4, 7, 8

*Hoye v. City of Oakland,*
    653 F.3d 835 (9th Cir. 2011) .................................................................. 5

*Merck Sharp & Dohme Corp. v. Conway,*
    909 F. Supp. 2d 781 (E.D. Ky. 2012) .................................................. 5, 8

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,*
    457 U.S. 423 (1982) ................................................................................ 4

ii

*New Orleans Public Service, Inc. v. Council of City of New Orleans*,
   491 U.S. 350 (1989) ............................................................................................. 4

*Pennhurst State School & Hospital v. Halderman*,
   465 U.S. 89 (1984) ............................................................................................... 3

*Polykoff v. Collins*,
   816 F.2d 1326 (9th Cir. 1987) ............................................................................ 7

*ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*,
   754 F.3d 754 (9th Cir. 2014) ......................................................................... 4, 8

*Shaw v. Delta Airlines, Inc.*,
   463 U.S. 85 (1983) ............................................................................................... 3

*Sprint Communs., Inc. v. Jacobs*,
   134 S. Ct. 584 (2013) .......................................................................................... 4

*Steffel v. Thompson*,
   415 U.S. 452 (1974) ............................................................................................ 4

*Younger v. Harris*,
   401 U.S. 37 (1971) ..................................................................................... *passim*

**Statutes**

42 U.S.C. § 1983 ................................................................................................... 4

California Business & Professions Code
   § 14700 ................................................................................................................ 1
   § 17206(c) ........................................................................................................... 8

**Rules**

Northern District Local Rule 7-1(b) ................................................................... 7

**Other Authorities**

Stern, *Bus. & Prof. C. § 17200 Practice*, § 9:82 (The Rutter Group 2014) ................................... 9

iii

## I.      INTRODUCTION

After almost *eight months* of extensive litigation on the merits – including a motion for preliminary injunction, anti-SLAPP motion, and three separate motions to dismiss – Defendants John F. Hubanks, Andrew H. Perez, Monterey County District Attorney's Office, and Marin County District Attorney's Office (the "District Attorneys") have finally filed a long-threatened enforcement action in state court (the "State-Court Action").  The District Attorneys initially asked counsel for Plaintiffs Nationwide Biweekly Administration, Inc., Loan Payment Administration LLC, and Daniel S. Lipsky's (collectively, "Nationwide") to accept service of a state enforcement complaint on October 1, 2014, but waited until just two weeks ago to file the State-Court Action, and then disingenuously claimed that they filed their third Motion to Dismiss "on the first date that it could be brought."  Mot. at 1.  In reality, the District Attorneys could have filed the State-Court Action and Motion to Dismiss long ago, but waited until Nationwide spent *substantial* amounts of time and money litigating this action and this Court invested *substantial* time on the case.

Because this case has progressed *significantly* beyond an "embryonic stage" in its almost eight months of existence, abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) is inappropriate.  Even if *Younger* were to apply, however, it would not be appropriate here because the State-Court Action was brought in bad faith.  For these reasons, as set forth more fully below, the District Attorneys' Third Motion to Dismiss should be denied.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

On October 2, 2014, Nationwide brought this action for injunctive and declaratory relief in federal court, and moved for a preliminary injunction to enjoin the enforcement of California Business & Professions Code Section 14700 (the "Statute").  Dkt. ## 1, 5.  In the Complaint, Nationwide sought an injunction "prohibiting Defendants from taking any legal action against Nationwide for exercising its free speech rights."  Dkt. # 1, ¶¶ 26, 30.  Nationwide's Motion for Preliminary Injunction sought an order to "enjoin the unconstitutional enforcement of California Business & Professions Code Section 14700."  Dkt. # 5, Notice of Motion, at 2.  *See also* Dkt. # 5, Memorandum, at 2.  And the proposed order Nationwide submitted in conjunction with its Motion for Preliminary Injunction would preliminarily enjoin Defendants from "enforcing, attempting to

1

enforce or threatening to enforce" the statutes at issue.  Dkt. # 5-1 at 2.  Nationwide's Motion for a Preliminary Injunction included significant testimonial and documentary evidence in support of its arguments.  Dkt. # 6 (Decl. of Daniel S. Lipsky and Exhibits); Dkt. #7 (Decl. of Thomas R. Burke and Exhibits).

In response, the District Attorneys did not commence the then-threatened State-Court Action.  Rather, the parties engaged in extensive litigation:

- On October 7, 2014, the County of Marin declined magistrate judge jurisdiction and requested that the case be reassigned to a United States district court judge.  Dkt. # 16.

- On October 22, 2014, the District Attorneys filed a joint Motion to Dismiss based on an alleged deficiency in the service of process upon defendants.  Dkt. # 20.

- On October 31, 2014, the parties reached an agreement in which the District Attorneys would accept service of the Complaint and withdraw their Motion to Dismiss in exchange for additional time to file a response to the complaint and an opposition to the preliminary injunction motion.  Dkt. # 24.

- On November 6, 2014, the Court denied the Motion to Dismiss as moot.  Dkt. # 26.

- On December 30, 2014, the District Attorneys filed an opposition to Nationwide's Motion for Preliminary Injunction, Dkt. # 32, an anti-SLAPP Motion to Strike Nationwide's Complaint, Dkt. # 33, and a Motion to Dismiss Nationwide's Complaint, Dkt # 34.  In support of its opposition to the Motion for Preliminary Injunction, the District Attorneys submitted testimonial and documentary evidence, as well as a request for judicial notice.  Dkt. # 35 (Decl. of John F. Hubanks and Exhibits); Dkt. # 36 (Request for Judicial Notice and Exhibits).

- On January 27, 2015, Nationwide filed its oppositions to the District Attorneys' Motion to Dismiss and anti-SLAPP Motion.  Dkt. ## 40, 41.

- On February 5, 2015, Nationwide filed its reply in support of its Motion for Preliminary Injunction, and submitted additional testimonial and documentary evidence in support of the motion.  Dkt. # 42 (Supp. Decl. of Daniel S. Lipsky and Exhibits); Dkt. # 43.

OPPOSITION TO THIRD MOTION TO DISMISS
DWT 26900243v4 0100966-000001

- On February 10, 2015, the District Attorneys filed their replies in support of their Motion to Dismiss and anti-SLAPP Motion.  Dkt. ## 44, 46.
- On March 5, 2015, the parties filed their Joint Case Management Statement.  Dkt. # 48.
- On March 11, 2015, the Court vacated the March 12 hearing on Nationwide's Motion for Preliminary Injunction, finding the matter suitable for decision on the briefing and evidence submitted therewith.  Dkt. # 49.
- On March 17, 2015, the Court denied Nationwide's Motion for a Preliminary Injunction.  Dkt. # 50.
- On March 18, 2015, Nationwide filed its Notice of Appeal of the Court's decision denying the Motion for Preliminary Injunction.  Dkt. # 51.
- On April 15, 2015, Nationwide filed its Opening Appellate Brief in the Ninth Circuit.  *See Loan Payment Administration LLC, et al. v. John Hubanks, et al*, Case No. 15-15516 (9th Cir.), Dkt. # 9.
- On April 28, 2015, the Court vacated the April 30 hearing, finding the motions suitable for decision without oral argument.  Dkt. # 55.
- On May 15, 2015, the District Attorneys filed the State-Court Action and their third Motion to Dismiss, at issue here.  Dkt. ## 57, 58.[1]

### III.   THIS ACTION IS NOT BARRED BY *YOUNGER.*

### A.   Federal Courts Have a Virtually Unflagging Obligation to Hear Cases Involving Federal Constitutional Claims.

Federal courts unquestionably "have jurisdiction over suits to enjoin state officials from interfering with federal rights."  *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96 n.14 (1983); *see also Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 105 (1984) (explaining that federal courts must be permitted to enjoin state officials in order "to permit the federal courts to vindicate federal rights and hold state officials responsible to the supreme authority of the United States").  In

---

[1] The District Attorneys have also filed a motion to dismiss the appeal in the Ninth Circuit on the bases of mootness and *Younger* abstention.

fact, the statute upon which the claims in this case are premised, 42 U.S.C. § 1983, stands in recognition of "the paramount role Congress has assigned to the federal courts to protect constitutional rights." *Steffel v. Thompson*, 415 U.S. 452, 472-73 (1974).

Moreover, the Supreme Court has long held that federal courts have "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens v. Virginia*, 19 U.S. 264 (1821). As the Court more recently explained, "[j]urisdiction existing … a federal court's 'obligation' to hear and decide a case is 'virtually unflagging.'" *Sprint Communs., Inc. v. Jacobs*, 134 S. Ct. 584 (2013) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). And "[p]arallel state-court proceedings do not detract from that obligation." *Id*. In recognition of these longstanding principles, "only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989). *Younger* abstention is one such exception, recognizing that federal courts sitting in equity cannot enjoin pending state criminal proceedings. *Younger*, 401 U.S. at 43-54.

**B.     *Younger* Abstention is Inapplicable Here.**

*Younger* abstention applies only when (1) there is "an ongoing state judicial proceeding," (2) those "proceedings implicate important state interests," and (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "Each element must be satisfied, and the date for determining whether *Younger* applies is the date the federal action is filed." *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754 (9th Cir. 2014) (internal citation and quotation marks omitted). *Younger* is a recognition of the value of comity, which is defined as a "proper respect for state functions." *Younger*, 401 U.S. at 44.

Importantly, *Younger* abstention applies *only* when state proceedings have been initiated "before any proceedings of substance on the merits have taken place in the federal court." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975). This principle recognizes that while federal courts should demonstrate a proper respect for state functions, defendants in a federal proceeding may, expressly or through their conduct, defer to the district court. Once federal court proceedings have moved

beyond an "embryonic stage," as is the case here, *Younger* abstention is inappropriate. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 929 (1975).

Federal courts must not abstain when a party has "begun actively litigating its position in federal court." *For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1218 (11th Cir. 2002) (rejecting *Younger* abstention where defendant "filed its answer, and the City had moved on various grounds for dismissal of the complaint and for summary judgment" before filing the state action). By filing multiple motions, evidence, briefs, and a joint case management conference statement, the District Attorneys demonstrated no need for comity in this particular case. *See, e.g.,* Dkt. ## 16, 20, 24, 32, 33, 35, 36, 44, 46, and 48. In the Joint Case Management Statement, for example, the District Attorneys agreed to a three-day trial before the district court, declined to consent to a Magistrate Judge (thereby requesting an Article III judge), and sought a prompt disposition of the complaint by the federal court, reserving "no additional matters at this time." Dkt. # 48. The conclusion is inescapable that the District Attorneys took actions inconsistent with the need for comity and deference. *Younger* abstention is thus inapplicable here.

Additionally, significant briefing on the merits in federal court is enough to move a case beyond the "embryonic stage." In *Hoye v. City of Oakland*, for example, the Ninth Circuit held that *Younger* abstention was inapplicable because the federal proceeding had "progressed beyond an embryonic stage" where the case "had begun nearly six months before the commencement of criminal proceedings in state court" and, in the meantime, the court had denied a TRO and held status conferences. *See* 653 F.3d 835, 844 (9th Cir. 2011). Similarly, in *Adultworld Bookstore v. Fresno*, the Ninth Circuit held that *Younger* abstention was inappropriate where the district court had held an evidentiary hearing – but denied – a motion for a preliminary injunction. *See* 758 F.2d 1348, 1350-51 (9th Cir. 1985). *See also Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 238 (1984) (explaining that a "federal court action in which a preliminary injunction is granted has proceeded well beyond the 'embryonic stage.'").[2]

---

[2] This is in line with decisions from other courts. *See, e.g.*, *Merck Sharp & Dohme Corp. v. Conway*, 909 F. Supp. 2d 781, 789 (E.D. Ky. 2012) (*Younger* abstention was not appropriate when "the federal action had been pending for seven months," "two important motions [] were fully briefed and ripe for adjudication," and a status conference had been held); *Cottonwood Christian*

Comparing the facts of these cases (where the Ninth Circuit denied abstention) to this case, more proceedings of substance have occurred in federal court than occurred when abstention was denied in *Hoye* and *Adultworld Bookstore*.  This case has been pending for almost eight months, longer than the "nearly six months" that federal proceedings were pending in *Hoye*.  653 F.3d at 844.  *Compare* Dkt. # 1 *with* Mot. at 3.  Moreover, by the time the state proceedings were initiated here, three motions raising substantive arguments that go to the merits of Nationwide's First Amendment claims had been fully briefed:  (1) Nationwide's Motion for a Preliminary Injunction; (2) the District Attorneys' Motion to Dismiss for Failure to State a Claim; and (3) the District Attorneys' anti-SLAPP Motion.  Further, when the State-Court Action was filed, substantial evidence had been submitted in support of and in opposition to Nationwide's Motion for a Preliminary Injunction (and the District Attorneys' anti-SLAPP motion), and this Court had rendered a substantive decision regarding the merits of Nationwide's claims.  These actions are substantively and numerically greater than the actions in *Hoye* and *Adultworld Bookstore*, where abstention was denied by the Ninth Circuit.

In fact, this litigation had advanced so far beyond "embryonic stage" that Nationwide had already filed its opening appellate brief in the Ninth Circuit before the District Attorneys commenced the State-Court Action.  It was not until the day the District Attorneys' answering brief was initially scheduled to be submitted that the District Attorneys filed the State-Court Action.  The complaint in the State-Court Action had not even been served on Nationwide (and Nationwide had no knowledge that the complaint was filed) when the District Attorneys filed the instant Motion to Dismiss.  Thus, as in *Hoye* and *Adultworld Bookstore*, this litigation has advanced well beyond the "embryonic stage," rendering *Younger* abstention inappropriate.

---

*Ctr. v. Cypress Redevelopment Agency*, 218 F. Supp. 2d 1203, 1218 & n.6 (C.D. Cal. 2002) (*Younger* abstention did not apply where the state civil proceedings were commenced four months after the federal action was filed, and after the defendants had filed a motion to dismiss); *B.A.P., Inc. v. McCulloch*, 994 F. Supp. 1131, 1137 (E.D. Mo. 1998) (*Younger* abstention as inapplicable where, *inter alia*, "the state criminal action against this plaintiff (and others) was not filed until after plaintiff filed this federal action and received a hearing date.").

OPPOSITION TO THIRD MOTION TO DISMISS
DWT 26900243v4 0100966-000001

**C.     The District Attorneys' Cases Are Inapposite, and Their Position Would Encourage Gamesmanship by State Defendants in Federal Court.**

The District Attorneys cite to two cases – *Hicks* and *Polykoff v. Collins*, 816 F.2d 1326 (9th Cir. 1987) – for the proposition that a refusal to grant a preliminary injunction is not a proceeding of substance on the merits.  Mot. at 5.  This case, however, is substantially different from *Hicks* and *Polykoff*.

In *Hicks*, the state criminal proceedings commenced just *one day* after the federal complaint was served and after a district court judge denied a *temporary restraining order*, which was heard without notice to the defendants, but before any proceedings had been held.  *See Hicks*, 422 U.S. at 349.  *See also For Your Eyes Alone*, 281 F.3d at 1218 (recognizing that a TRO alone is not a "proceeding of substance").  Similarly, in *Polykoff*, this Ninth Circuit found that the case had not proceeded beyond the embryonic stage when the state proceedings were commenced because the motion to dismiss on *Younger* abstention grounds was filed "two days prior to the hearing on the preliminary injunction" and just *thirteen days* after the federal suit was filed.  816 F.2d at 1332 (emphasis added).

In contrast to *Hicks* (1 day) and *Polykoff* (13 days), the District Attorneys filed the Motion to Dismiss on abstention grounds almost eight months (*225 days*) after this suit was filed.  And there are other important distinctions:  this Court had considered and ruled on Nationwide's Motion for Preliminary Injunction, which is also both procedurally and substantively different from an application for a temporary restraining order at issue in *Hicks*; the parties had fully briefed two other dispositive motions on the merits; and Nationwide had filed its opening appellate brief prior to the commencement of the State-Court Action.[3]  In short, this case is nothing like *Hicks* and *Polykoff*, but rather in line with *Hoye* and *Adultworld Bookstore*, in its advancement well beyond the first month of litigation.

---

[3] Although the Court did not hold a hearing on the Motion for Preliminary Injunction, hearings are not mandatory or necessary in every case.  *See* Northern District Local Rule 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").  In deciding Nationwide's motion for a preliminary injunction, the Court considered the evidence submitted by the parties, as well as the parties' legal arguments on the merits of Nationwide's claims.

The District Attorneys' myopic focus on the Court's denial of a preliminary injunction, rather than the extensive procedural history of this case, would encourage state defendants to engage in gamesmanship in federal court.  Under this argument, the state defendant, perhaps buoyed by the district court's initial denial of a preliminary injunction, could continue litigating the federal case until it decides the tides are turning.  *See For Your Eyes Alone*, 281 F.3d at 1219 ("[I]f we define too narrowly what constitutes proceedings of substance on the merits, we risk vesting the district attorney – not the aggrieved citizen – with the power to choose the forum, and, indeed, the nature of the proceeding in which the federal constitutional claim [will] be litigated."); *Merk*, 909 F. Supp.2d at 789 ("The rule announced in *Hicks* and *Doran* should not be applied in so rigid a fashion that it would encourage gamesmanship on the part of the federal defendant.").  Permitting the District Attorneys to obtain *Younger*'s protection after the parties and this Court have invested *substantial* resources on the merits of this litigation would thus impermissibly expand the "'carefully defined' *Younger* exception to mandatory federal jurisdiction." *Hoye*, 653 F.3d at 844.  Instead, because these proceedings have progressed beyond an embryonic stage, "considerations of economy, equity, and federalism counsel against *Younger* abstention." *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 238 (1984).

> **D.    Even if *Younger* Abstention is Applicable, This Case is Excepted From the Doctrine.**

Even where the elements for *Younger* abstention are met, courts must next consider whether an exception applies.  *See ReadyLink*, 754 F.3d at 759 (citing *Gilbertson v. Albright*, 381 F.3d 965, 978, 983-84 (9th Cir. 2004) (*en banc*)).  One of those exceptions is where the state proceeding was brought in bad faith.  *See Younger*, 401 U.S. at 48-50.  Here, the Court should allow Nationwide to conduct discovery on whether the State-Court Action was brought in bad faith.

In 2004, California voters passed Proposition 64, which amended the law at issue in the State-Court Action to provide that funds collected by district attorneys "shall be for the exclusive use" of the district attorneys "for the enforcement of consumer protection laws." Bus. & Prof. Code § 17206(c).  As a result, "[t]he fact that the civil penalty is returned to the county coffers for the district attorney's office . . . lends a powerful incentive to local law enforcement agencies" to

8

bring actions such as the State-Court Action.  William L. Stern, *Bus. & Prof. C. § 17200 Practice*, § 9:82 (The Rutter Group 2014).  This has led some leading commentators to refer to the funds recovered in these actions as "County Bounty."  *See id.*  In fact, some counties—including Marin County—have come to rely on County Bounty as part of their operating budget.[4]

Nationwide believes that discovery will show that County Bounty has created an atmosphere allowing a perverse incentive to bring cases without regard to the merits and potentially to the defendant's constitutional rights.  *See Heimbach v. Lyons*, 597 F.2d 344, 347 (2d Cir. 1979) (where appellant "alleged a pattern of harassment and alleged that criminal prosecution was initiated against him in bad faith without hope of conviction and which resulted in a chill upon the exercise of his First Amendment rights, his allegations [were] sufficient to remove any bar to injunctive interference with state court criminal prosecutions"); *Chiropractic Alliance of New Jersey v. Parisi*, 854 F. Supp. 299, 306-07 (D.N.J. 1994) (explaining that the bad faith exception would apply where the state was acting in an attempt to extort fines from the plaintiff).

In fact, Nationwide has already discovered that the District Attorneys have misrepresented the nature of the purported "complaint" that prompted this entire dispute.  The District Attorneys represented to this Court that their investigation into Nationwide's business was prompted when, "[i]n March 2013, a Monterey County homeowner complained to the District Attorney's office about unsolicited mailers promoting a 'mortgage reduction service'" from Nationwide.  Dkt. # 35 (Decl. of John F. Hubanks and Exhibits) ¶ 3.  As it turns out, and as the District Attorneys have *never disputed*, the letter that was the subject of this "complaint" was received at the house of a Monterey County deputy district attorney.  Dkt. # 42 (Supp. Decl. of Daniel S. Lipsky and Exhibits) ¶ 19.

---

[4] *See, e.g.*, p. 100 of Marin County FY 2013-2014 Managing for Results Year End Report (explaining that in the 7 years prior to fiscal year 2013-2014, consumer protection actions had collected "$6 million for support of the County of Marin DA Consumer operations") available at http://www.marincounty.org/~/media/files/departments/ad/management-and-budget/managing-for-results/fy1314mfryearendreview.pdf?la=en; pgs. 19, 101 of Marin County's "Final Budget" available at http://marincounty.org/~/media/files/departments/df/1314webfinal.pdf.

The District Attorneys' gamesmanship and the timing of the District Attorneys' filing of the State-Court Action (and the motions to dismiss in this Court and the Ninth Circuit) also indicates bad faith. The District Attorneys stated they were ready to file the complaint in the State-Court Action on October 1, 2014. Dkt. # 6 (Decl. of Daniel S. Lipsky and Exhibits) ¶ 13. Rather than file the State-Court Action, the District Attorneys spent nearly eight months litigating this case in federal court, including when they falsely represented to the Ninth Circuit on May 6, 2015 that they intended to file a joint answering brief in the appeal of this matter. *Loan Payment Administration LLC, et al. v. John Hubanks, et al*, Case No. 15-15516 (9th Cir.), Dkt. # 13. It was only after apparently reviewing and analyzing Nationwide's appellate brief that the District Attorneys decided to file the State-Court Action, in an attempt to strip Nationwide of its ability to obtain immediate appellate review and vindicate its federal rights.[5]

The Motion should be denied to permit Nationwide to conduct discovery on bad faith, including the District Attorneys' motives for bringing the State-Court Action and for waiting almost eight months to do the same. *See Chiropractic Alliance*, 854 F. Supp. at 307 ("As the Court cannot conclusively determine at this stage of litigation whether or not subsequent discovery in this case will bear out the allegations of bad faith, it would be improper for this Court to abstain under Younger in light of the potential evidentiary support for Plaintiff's case.").

## IV.    CONCLUSION

For the reasons stated above, Nationwide respectfully requests that this Court deny the District Attorneys' Third Motion to Dismiss.


Dated:  May 29, 2015                              DAVIS WRIGHT TREMAINE LLP

                                                 By:    /s/ Thomas R. Burke
                                                        Thomas R. Burke

                                                 Attorneys for Plaintiffs

---

[5] The District Attorneys also refused to consider any of the demonstrable benefits Nationwide's product provides to consumers. *See* Decl. of Daniel S. Lipsky in Opposition to the Motion to Dismiss ¶¶ 2-3.