1  STEVEN M. WOODSIDE, COUNTY COUNSEL (SBN 58684)
   BRIAN CHARLES CASE, Deputy County Counsel (SBN 254218)
2  OFFICE OF THE MARIN COUNTY COUNSEL
3  3501 Civic Center Drive, Room 275, San Rafael, CA 94903
   Telephone: (415) 473-6117 / Facsimile: (415) 473-3796
4  E-mail:  bcase@marincounty.org

5  Attorney(s) for County of Marin (a.k.a. Marin County District Attorney's Office)
   and Deputy District Attorney Andres H. Perez
6

7  CHARLES J. McKEE, COUNTY COUNSEL (SBN 152458)
   WILLIAM M. LITT, Deputy County Counsel (SBN 166614)
8  OFFICE OF THE MONTEREY COUNTY COUNSEL
   168 W. Alisal Street, Third Floor, Salinas, CA  93901-2439
9  Telephone:  (831) 755-5045 / Facsimile: (831) 755-5283
   Email: littwm@co.monterey.ca.us
10

11 Attorney(s) for County of Monterey (a.k.a. Monterey County District Attorney's Office)
   and Deputy District Attorney John F. Hubanks
12

                        UNITED STATES DISTRICT COURT
13

                NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
14

15 NATIONWIDE BIWEEKLY                          Case No: 5:14-CV-04420-LHK
   ADMINISTRATION, INC., an Ohio
16 corporation; LOAN PAYMENT                    **DEFENDANTS' REPLY
   ADMINISTRATION LLC, an Ohio limited          MEMORANDUM OF POINTS AND
17 liability company; and DANIEL S. LIPSKY,     AUTHORITIES IN SUPPORT OF THEIR
   an individual,                               JOINT RULE 12(g) JOINING MOTION
18                                              TO DISMISS (JOINING A SUCCESSIVE
                         Plaintiffs,            RULE 12 MOTION BASED ON
19                                              GROUNDS NOT AVAILABLE TO
   vs.                                          DEFENDANTS AT TIME OF ORIGINAL
20                                              RULE 12 MOTION)**
   JOHN F. HUBANKS, Deputy District
21 Attorney, Monterey County District           **(FED. R. CIV. P. 12(b)(1); 12(b)(6);
   Attorney's Office, in his official capacity; FED. R. CIV. P. 12(g)(1)-(2) )**
22 ANDRES H. PEREZ, Deputy District
   Attorney, Marin County District Attorney's
23 Office, in his official capacity; MONTEREY   Hearing Date: June 25, 2015
   COUNTY DISTRICT ATTORNEY'S               Time:         1:30 p.m.
24 OFFICE, a County agency; and MARIN        Judge:        Hon. Lucy H. Koh
   COUNTY DISTRICT ATTORNEY'S               Courtroom:    Courtroom #8, 4th Floor
25 OFFICE, a County agency,                 Address:      280 South First Street
                                                          San Jose, CA 95113
26                        Defendants.

27

28

# TABLE OF CONTENTS

TABLE OF CONTENTS ……………………………………………………………… i

TABLE OF AUTHORITIES... …………………………………………………….... ii

    I.    Federal Statutes…………………………………………………………. ii

    II.   State Statutes ……………………………………………………………… ii

    III.  Other Authorities …………………………………………………............ ii

    IV.  Cases …………………………………………………………………… ii

MEMORANDUM OF POINTS AND AUTHORITIES ………………………….. 1

    I.    INTRODUCTION...……………………………………………………….. 1

    II.   THE COURT SHOULD ABSTAIN FROM HEARING THIS ACTION…… 1

        A.  Criminal and Quasi-Criminal Cases Such as the Civil
            Enforcement Action Filed by the District Attorneys are the
            Paradigm for *Younger* Abstention…………………………………….. 1

        B.  *Younger* Abstention is Appropriate Even Though Plaintiffs
            Filed First………………………………………………………… 3

        C.  Defendants Are Neither Engaging in "Gamesmanship" Nor
            Proceeding in Bad Faith…………………………………………….. 6

    III.  CONCLUSION………………………………………………………….... 8

1

**TABLE OF AUTHORITIES**

2    I.     FEDERAL STATUTES:

3           Federal Rule of Civil Procedure
4           Section 12(g)…..………………………………………………...   1, 3, 7

5    II.    STATE STATUTES:

6           Business & Professions Code
7           Section 17206(c)………………………………………………..   7

8    III.   OTHER AUTHORITIES:

9           Constitution of the United States
             First Amendment………………………………………………   1, 2, 7
10          Fourteenth Amendment………………………………………..   2

11   IV.    CASES:

12          *Adultworld Bookstore v. Fresno* (9th Cir. 1985)
13          758 F.2d 1348, 1350-1351…………………………………….....   5

14          *Dombrowski v. Pfister* (1965)
15          380 U.S. 479 …………………………………………………....   2

16          *Fenner v. Boykin* (1926)
            271 U.S. 240, 243-244……………………………………….....   1, 2
17
18          *For Your Eyes Alone, Inc. v. City of Columbus* (11th Cir. 2002)
            2812 F.3d 1209, 1218…………………………………………...   4
19
20          *Getty Petroleum Corp v. Harshbarger* (D. Mass. 1992)
            807 F.Supp.855, 858…………………………………………….   4

21          *Hawaii Housing Auth v. Midkiff* (1984)
22          467 U.S. 229, 238……………………………………………….   3

23          *Heimbach v. Lyons* (2d Cir. 1979)
            597 F.2d 344, 347……………………………………………….   6
24
25          *Hicks v. Miranda* (1975)
            422 U.S. 332, 349, 339-352……………………………………...   3, 4, 5

26          *Hirsh v. Justices of the Supreme Court of California* (9th Cir. 1995)
27          67 F.3d 708, 713………………………………………………...   6

28

ii

*Hoye v. City of Oakland* (9th Cir. 2011)
653 F.2d 835, 844…………………………………………………………….   5

*Huffman v. Pursue, Ltd.* (1975)
420 U.S. 592……………………………………………………………….   2

*Middlesex Ethics Comm'n v. Garden State Bar Ass'n* (1982)
457 U.S. 423, 432………………………………………………………….   5

*Pennzoil Co. v. Texaco, Inc.* (1978)
481 U.S. 1, 15……………………………………………………………...   6

*Polykoff v. Collins* (9th Cir. 1987)
816 F.2d 1326, 1332……………………………………………………….   3, 4

*ReadyLink Healthcare, Inc. v. State Compensation Insurance Fund* (9th Cir. 2014)
754 F.3d 754, 759………………………………………………………….   2, 3

*Sprint Communications, Inc. v. Jacobs* (2013)
134 S.Ct. 584, 592………………………………………………………….   3

*Younger v. Harris* (1971)
401 U.S. 37, 38-40, 45, 53...……………………………………………   *passim*

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants County of Marin, County of Monterey, Deputy District Attorney John F. Hubanks, and Deputy District Attorney Andres H. Perez (collectively, "Defendants" or "District Attorneys") respectfully submit the following Reply Memorandum of Points and Authorities in Support of their Rule 12(g) Joining Motion to Dismiss.

## I.     INTRODUCTION

Plaintiffs assert that federal courts have jurisdiction to enjoin state officials from interfering with federal rights.  Plaintiffs' Opposition to Third Motion to Dismiss ("Opposition") at 3:21-22.  Of course they do.  But this case and the enforcement action recently filed in Alameda County Superior Court are about whether Plaintiffs have a free speech "right" to mislead, if not outright defraud, members of the public.  Plaintiffs offend long established principles of Constitutional law by attempting to cloak highly suspect commercial speech with the same protections accorded "core" First Amendment speech and expression.  Plaintiffs accuse the District Attorneys, and by extension the County Counsel attorneys defending them, of acting in bad faith.  Opposition at 8:19-10:17.  In truth, it is Plaintiffs who have trumped up the entire federal case to protect and perpetuate their deceptive business model.

## II.     THE COURT SHOULD ABSTAIN FROM HEARING THIS ACTION.

**A.     Criminal and Quasi-Criminal Cases Such as the Civil Enforcement Action Filed by the District Attorneys are the Paradigm for *Younger* Abstention.**

In *Younger v. Harris*, 401 U.S. 37, 45 (1971), the Supreme Court reiterated and expanded upon the holdings in a long series of prior Supreme Court cases.  *Younger* relied heavily on *Fenner v. Boykin*, the import of which is distilled in the following passage:

> [W]hen absolutely necessary for protection of constitutional rights courts of
> the United States have power to enjoin state officers from instituting criminal
> actions. But this may not be done except under extraordinary circumstances
> where the danger of irreparable loss is both great and immediate.  Ordinarily,
> there should be no interference with such officers; primarily, they are charged

1

1   with the duty of prosecuting offenders against the laws of the State and must

2   decide when and how this is to be done. The accused should first set up and

3   rely upon his defense in the state courts, even though this involves a challenge

4   of the validity of some statute, unless it plainly appears that this course would

5   not afford adequate protection.

6   271 U.S. 240, 243-244 (1926).

7   *Boykin*, like *Younger* and the case at bar, concerned state statutes the federal plaintiffs

8   insisted should be enjoined because they purportedly were unconstitutional.  *Younger* involved

9   an attempt to enjoin a state criminal prosecution for violation of California's criminal

10  syndicalism statute.  The plaintiff alleged the criminal statute at issue violated the First and

11  Fourteenth Amendments by inhibiting the exercise of his rights of free speech and freedom of

12  the press.  401 U.S. at 38-40.  In a case involving "core" First Amendment values in the realm of

13  political expression – in stark contrast to the deceptive commercial speech at issue in this case –

14  the *Younger* court held, absent "extraordinary circumstances," that: "the *Dombrowski*

15  [*Dombrowski v. Pfister*, 380 U.S. 479 (1965)] decision should not be regarded as having upset

16  the settled doctrines that have always confined very narrowly the availability of injunctive relief

17  against state criminal prosecutions.  We do not think that opinion stands for the proposition that a

18  federal court can properly enjoin enforcement of a statute solely on the basis of a showing that

19  the statute 'on its face' abridges First Amendment rights." 401 U.S. at 53.

20  *Younger* abstention also applies to state civil proceedings that are akin to criminal

21  prosecutions, such as the enforcement action filed by the Defendants herein.  See *Huffman v.*

22  *Pursue, Ltd.*, 420 U.S. 592 (1975).  In 2014 the Ninth Circuit Court of Appeals held: "In civil

23  cases . . . *Younger* abstention is appropriate only when the state proceedings: (1) are ongoing,

24  (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and

25  judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise

26  federal challenges."  *ReadyLink Healthcare, Inc. v. State Compensation Insurance Fund*, 754

27  F.3d 754, 759 (9th Cir. 2014).  All of those factors are present in the District Attorneys'

28

2

1    enforcement action.  Citing *Sprint Communications, Inc. v. Jacobs,* 134 S. Ct. 584, 592 (2013),

2    the *ReadyLink* court described a civil enforcement action as one in which, "'a state actor is

3    routinely a party to the state proceeding and often initiates the action,' the proceedings 'are

4    characteristically initiated to sanction the federal plaintiff … for some wrongful act,' and

5    '[i]nvestigations are commonly involved, often culminating in the filing of a formal complaint or

6    charges.'" 754 F.3d at 759.  The enforcement action at issue fits that description to a tee.

7    **B.      *Younger* Abstention is Appropriate Even Though Plaintiffs Filed First.**

8            Citing *Hicks v. Miranda*, 422 U.S. 332 (1975), Plaintiffs argue that *Younger* abstention

9    applies only when state proceedings were initiated "before any proceedings of substance on the

10   merits have taken place in federal court."  *Id.* at 349; see Opposition at 4:24-26.  The District

11   Attorneys do not take issue with that proposition.  As stated in the District Attorneys' Rule 12(g)

12   motion, a state proceeding is "pending" for *Younger* purposes if a state action has been initiated

13   "before any proceedings of substance on the merits have taken place in the federal court."

14   *Polykoff v. Collins*, 816 F.2d 1326, 1332 (9th Cir.1987) (quoting *Hawaii Housing Auth. v.*

15   *Midkiff*, 467 U.S. 229, 238 (1984)).  Here, despite the passage of seven months between the

16   filing of Plaintiff's federal case and the filing of the District Attorneys' enforcement action, no

17   proceedings of substance on the merits have occurred in federal court.  Under the circumstances,

18   "the principles of *Younger v. Harris* should apply in full force."  *Hicks, supra,* 422 U.S. at 349.

19           Plaintiffs focus obsessively on the number of days between the federal and state

20   complaint filings, a number which, standing alone, is irrelevant.  None of the cases cited by

21   Plaintiffs or Defendants look solely or even primarily to how long a federal action has been

22   pending before a state proceeding is initiated.  Instead, as previously stated, the key question is

23   whether, "any proceedings of substance on the merits have taken place in the federal court."

24   *Polykoff* , 816 F.2d at 1332.

25           Plaintiffs overlook established law when they attempt to portray this case as involving

26   proceedings of "substance on the merits."  Plaintiffs emphasize their position by including in

27   their Opposition a two-page procedural history.  But a plethora of filings by no means equates to

28

*Nationwide v. John F. Hubanks, et al.*                                        CASE NO. 5:14-CV-04420-LHK
Defs' Reply ISO Joint Rule 12(g) Joining Motion to Dismiss

1    proceedings of "substance on the merits."  See *Getty Petroleum Corp. v. Harshbarger,* 807 F.

2    Supp. 855, 858 (D. Mass. 1992) (briefing of issues and calendaring of hearings, without more,

3    does not constitute proceedings of substance).   *Issuance* of a preliminary injunction is

4    considered to be a proceeding of substance for *Younger* purposes, see *Midkiff*, 467 U.S. at 238,

5    but a district court's *refusal* to grant a preliminary injunction is not a proceeding of substance on

6    the merits unless the court held extensive hearings on the matter.   See *Hicks, supra*, 422 U.S. at

7    339-352; *Polykoff*, 816 F.2d at 1332.  "A federal proceeding may be deemed to have passed

8    beyond the 'embryonic stage' if the federal court has conducted extensive hearings on a motion

9    for a preliminary injunction . . . or granted such a motion."  *Polykoff, supra,* 816 F.2d at 1332.  In

10   this case, of course, the Court declined to grant a preliminary injunction, and did not hold

11   hearings on the matter.  Moreover, although Defendants' dispositive motions are pending before

12   the Court, the Court has not decided these motions and has not held hearings, "extensive" or

13   otherwise, on them.

14          Plaintiffs also miss the mark when they cite *For Your Eyes Alone, Inc. v. City of*

15   *Columbus*, 281 F.3d 1209 (11th Cir. 2002), to support their argument that the District Attorneys

16   had been "actively litigating" in federal court and "demonstrated no need for comity."

17   Opposition at 5:3-8.  *For Your Eyes* is readily distinguishable.  There, before arresting and

18   charging the federal plaintiff, "the City already had filed a motion to dismiss the FYEA

19   Appellants' federal case. The City already had filed its answer. The City already had filed a

20   separate motion for summary judgment. The district court, furthermore, already had held a

21   thorough evidentiary hearing concerning the FYEA Appellants' TRO motion. The court, before

22   ruling on the TRO issue in the City's favor, heard testimony from Sergeant Stinson concerning

23   the alleged noncompliance of FYEA with the Ordinance, and the court heard arguments from

24   counsel of both sides."  *Id.* at 1218.  Despite Plaintiffs' litany of filings, litigation in the instant

25   case is by no means on par with the proceedings in *For Your Eyes*.  The District Attorneys have

26   not answered, nor filed a motion for summary judgment, nor have *any* hearings – let alone "a

27   thorough evidentiary hearing" – occurred.

28                                                    4

1    Equally inapposite are two other cases cited by Plaintiffs, *Hoye v. City of Oakland*, 653

2    F.3d 835 (9th Cir. 2011), and *Adultworld Bookstore v. Fresno*, 758 F.2d 1348 (9th Cir. 1985).  In

3    *Hoye*, "the District Court had denied Hoye's motion for a temporary restraining order, it had held

4    four status conferences and hearings in this case, and the City Council had amended the

5    Ordinance in response to the District Court's expression of its deep reservations about the

6    Ordinance's constitutionality. Thus, by the time state proceedings began, the federal proceedings

7    had been long pending, and the District Court's intervention in the case had resulted in a

8    significant change in the relative positions of the parties."  653 F.3d at 844.  Nothing of the kind

9    occurred here.  In *Adultworld Bookstore*, the Court of Appeals held that *Younger* abstention was

10   not required both because the District Court conducted an "extended evidentiary hearing on the

11   question of a preliminary injunction," and because "the state proceeding could not have been

12   filed until after the federal action was filed and dismissed because Adultworld had not violated

13   any criminal statute until the temporary restraining order was dissolved. The race-to-the-

14   courthouse problem of *Hicks* [was] not present because Adultworld could not have been subject

15   to criminal sanctions in state court until after the federal court had dissolved the temporary

16   restraining order or reached a decision on the merits."  758 F.2d at 1350-1351.

17       Finally, Plaintiffs' theory that the filing of an interlocutory appeal changes the *Younger*

18   analysis 1) is unsupported by legal authority; and 2) would defy the basic logic of the inquiry

19   into whether a "proceeding of substance on the merits" has taken place.  Opposition at 6:15-17.

20   As previously explained, the denial of the preliminary injunction did not constitute a proceeding

21   of substance on the merits of the case. The filing of an appeal does not alter that fact.

22       In sum, the *Younger* doctrine requires a court to abstain from exercising jurisdiction over

23   ongoing state proceedings that satisfy three conditions: 1) First, the state proceeding is judicial

24   (as opposed to legislative) in nature.  2) Second, the state proceeding implicates important state

25   interests.  3) And third, there exists an adequate opportunity in the state proceeding to raise

26   constitutional challenges.  *Middlesex Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423,

27   432 (1982).  Here, the enforcement action clearly is judicial; the consumer protection statutes

28

5

and their application to Plaintiffs' business activities implicate the important state interest of protecting consumers from deceptive business practices; and Plaintiffs will have ample opportunity – both procedurally and substantively – to raise precisely the same constitutional issues they have raised in this Court.  State courts are presumed adequate to raise federal questions "in the absence of unambiguous authority to the contrary," see *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1978), unless state procedural rules bar raising the federal questions  See *Hirsh v. Justices of the Supreme Court of California.*, 67 F.3d 708, 713 (9th Cir. 1995).  No such bar exists in this case.  Accordingly, *Younger* abstention should apply and this Court should dismiss Plaintiffs' federal case and allow the issues to be adjudicated in state court.

**C.      Defendants Are Neither Engaging in "Gamesmanship" Nor Proceeding in Bad Faith.**

Apparently employing the tactic of  "the best defense is a good offense," Plaintiffs attempt to defeat the instant Motion not only on the merits, but by accusing the District Attorneys of "gamesmanship," Opposition at 8:3; 10:1, and proceeding in bad faith in a quest for so-called "County Bounty," Opposition, *passim*, 8:21-10:17.  These allegations are rank speculation, utterly unsupported by evidence.  Moreover, allowing Plaintiffs to conduct "discovery" on the issue of bad faith, see Opposition at 8:22-23; 10:12-14, would undermine judicial economy, force the District Attorneys to expend considerable time and resources on the case before Plaintiffs have even established whether jurisdiction exists, and allow Plaintiffs to engage in a truly unprecedented "fishing expedition."

Plaintiffs complain of the unfairness of applying *Younger* after they "have invested *substantial* resources on the merits of this litigation."  Opposition at 8:10-13 (emphasis original). Yet Plaintiffs chose to engage in forum shopping by launching a "preemptive strike" in federal court rather than asserting their free speech claims as affirmative defenses to an enforcement action in Superior Court.  Their experienced counsel surely advised them of the risks of abstention or dismissal on other grounds, and the possibility that the federal proceeding would be an expensive and fruitless venture, plausibly requiring litigation on two fronts.

6

1    Nationwide cites *Heimbach v. Lyons*, 597 F.2d 344, 347 (2d Cir. 1979), as authority for

2    invoking the "bad faith exception" to *Younger*.   But *Heimbach* involved allegations that town

3    officials, as part of a scheme to evict low-income individuals from their homes to allow

4    redevelopment, engaged in 1) a "pattern of harassment"; 2) initiated a criminal prosecution

5    against the plaintiff "without hope of conviction"; and 3) directly infringed on core first

6    amendment rights of freedom of speech, to petition the government for the redress of grievances,

7    and to peacefully assemble.  Conduct of that nature by government actors is utterly absent here,

8    and this "bad faith" exception to *Younger* is inapplicable.  Even accepting *arguendo* the highly

9    debatable assertion that Business & Professions Code section 17206(c) creates a financial

10   incentive for District Attorneys to bring consumer protection actions, that by no means

11   invalidates their efforts to protect consumers and enforce the law.  It simply provides a

12   mechanism to fund civil enforcement actions in a climate in which most resources are directed to

13   taking violent criminals off the streets.

14         No more sinister forces were at work here than the usual complications and delays

15   present when four government agencies[1] at two different levels of government (state and local)

16   attempt to collaborate.  The District Attorneys wanted to ensure that their investigation was

17   thorough, and had to coordinate with the Alameda County District Attorney's Office and the

18   California Department of Business Oversight before filing the enforcement action.  At the time

19   the communications prompting Plaintiffs' lawsuit occurred, the Marin and Monterey County

20   DA's Offices did not anticipate collaborating with other entities; the District Attorneys had been

21   prepared to move forward with their enforcement action in the fall of 2014, until Plaintiffs'

22   federal filing delayed the District Attorneys' efforts long enough that a multi-agency

23   collaboration had time to gel.

24   / / / / /

25

26   [1] The enforcement action was brought, in the name of the People of the State of California, by and through the
     Marin, Monterey, and Alameda County District Attorney's Offices, and the California Department of Business
27   Oversight (*See* Defendants' Joint Request for Judicial Notice In Support of Joint Rule 12(g), Exhibit 1, at Dkt. No
     58-3)
28
                                                      7

III.   CONCLUSION

*Younger* abstention is applicable to the instant action.  The fact that Plaintiffs filed first is certainly not dispositive, since proceedings of substance on the merits have not occurred. Plaintiffs' secondary defense against the application of *Younger,* the allegations of bad faith and gamesmanship, is simply an unsupported, ironic, and insulting example of the tactic that "the best defense is a good offense."  Under the totality of the circumstances, this honorable Court should abstain from further proceedings under the *Younger* doctrine.

The District Attorneys therefore respectfully request that this Court grant their Motion to Dismiss, without leave to amend.

Respectfully submitted,

Dated:  June 5, 2015.          CHARLES J. McKEE, COUNTY COUNSEL

By:     */s/  William Litt*
        WILLIAM M. LITT
        Deputy County Counsel
        Attorneys for Defendants JOHN F. HUBANKS
        and  the COUNTY OF MONTEREY

Dated:  June 5, 2015.          STEVEN M. WOODSIDE, COUNTY COUNSEL

By:     */s/  Brian Case*
        BRIAN C. CASE
        Deputy County Counsel
        Attorneys for Defendants ANDRES H. PEREZ
        and  the COUNTY OF MARIN

8