BRUCE E. H. JOHNSON (State Bar No. 159927)
    brucejohnson@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 3rd Avenue, Suite 2200
Seattle, Washington 98101
Telephone:    (206) 622-3150
Facsimile:    (206) 757-7700

THOMAS R. BURKE (State Bar No. 141930)
    thomasburke@dwt.com
NICOLAS A. JAMPOL (State Bar No. 244867)
    nicolasjampol@dwt.com
DIANA PALACIOS (State Bar No. 290923)
    dianapalacios@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE BIWEEKLY ADMINISTRATION, INC., an Ohio corporation; LOAN PAYMENT ADMINISTRATION LLC, an Ohio limited liability company; and DANIEL S. LIPSKY, an individual;<br><br>                Plaintiffs,<br><br>   vs.<br><br>JOHN F. HUBANKS, Deputy District Attorney, Monterey County District Attorney's Office, in his official capacity; ANDRES H. PEREZ, Deputy District Attorney, Marin County District Attorney's Office, in his official capacity; MONTEREY COUNTY DISTRICT ATTORNEY'S OFFICE, a County agency; and MARIN COUNTY DISTRICT ATTORNEY'S OFFICE, a County agency,<br><br>                Defendants. | Case No. 14-cv-04420-LHK<br><br>**NOTICE OF APPEAL** |

**TO THE COURT AND ALL ATTORNEYS OF RECORD:**

Plaintiffs Nationwide Biweekly Administration, Inc., Loan Payment Administration LLC, and Daniel S. Lipsky hereby appeal to the United States Court of Appeals for the Ninth Circuit from the Order Granting Defendants' Motion to Dismiss, Docket No. 63, entered on June 17, 2015. A true and correct copy of that Order is attached as Exhibit A.

Dated:  June 22, 2015

DAVIS WRIGHT TREMAINE LLP
BRUCE E. H. JOHNSON
THOMAS R. BURKE
NICOLAS A. JAMPOL
DIANA PALACIOS

By:     /s/ Thomas R. Burke
                Thomas R. Burke

Attorneys for Plaintiffs

1

PLAINTIFFS' NOTICE OF APPEAL
DWT 27134416v1 0100966-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## **CIRCUIT RULE 3-2 REPRESENTATION STATEMENT**

Pursuant to Circuit Rule 3-2, Plaintiffs certify that the parties in this case, and the names, addresses, and telephone numbers of their respective counsel are as follows:

<u>Plaintiffs</u>

> BRUCE E. H. JOHNSON
> brucejohnson@dwt.com
> **DAVIS WRIGHT TREMAINE LLP**
> 1201 3rd Avenue, Suite 2200
> Seattle, Washington 98101
> Telephone:   (206) 622-3150
> Facsimile:   (206) 757-7700
>
> THOMAS R. BURKE
> thomasburke@dwt.com
> NICOLAS A. JAMPOL
> nicolasjampol@dwt.com
> DIANA PALACIOS
> dianapalacios@dwt.com
> **DAVIS WRIGHT TREMAINE LLP**
> 505 Montgomery Street, Suite 800
> San Francisco, California  94111
> Telephone:   (415) 276-6500
> Facsimile:   (415) 276-6599

<u>Defendants Deputy District Attorney Andres H. Perez and Marin County District Attorney's Office</u>

> Brian Charles Case
> **STEVEN M. WOODSIDE, COUNTY COUNSEL**
> 3501 Civic Center Drive, Room 275
> San Rafael, CA 94903
> Telephone: (415) 473-6117
> Facsimile: (415) 473-3796

<u>Defendants Deputy District Attorney John Hubanks and Monterey County District Attorney's Office</u>

> William Merrill Litt
> **CHARLES J. MCKEE, COUNTY COUNSEL**
> 168 W Alisal Street, 3rd Floor
> Salinas, CA 93901
> Telephone: (831) 755-5045
> Facsimile: (831) 755-5283

Dated:  June 22, 2015                                             DAVIS WRIGHT TREMAINE LLP

                                                                                By:   /s/ Thomas R. Burke
                                                                                            Thomas R. Burke

                                                                                Attorneys for Plaintiffs

2

PLAINTIFFS' NOTICE OF APPEAL
DWT 27134416v1 0100966-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOAN PAYMENT ADMINISTRATION LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN F. HUBANKS, et al.,<br><br>Defendants. | Case No. 14-CV-04420-LHK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 33, 34, 57, 58 |

Before the Court are a motion to strike (ECF No. 33) and two motions to dismiss filed by Defendants John F. Hubanks, Andres H. Perez, the Monterey County District Attorney's Office, and the Marin County District Attorney's Office (collectively, "Defendants"). ECF No. 33 ("Motion to Strike"); ECF No. 34 ("First Motion to Dismiss"); ECF No. 58 ("Second Motion to Dismiss"). Defendants request that the Court dismiss, pursuant to Federal Rule of Civil Procedure 12, all causes of action in a complaint filed by Plaintiffs Nationwide Biweekly Administration, Inc., Loan Payment Administration LLC, and Daniel S. Lipsky (collectively, "Plaintiffs" or "Nationwide"). Defendants also request that the Court strike the second and third causes of action under California's Anti-SLAPP statute.

The Court finds this matter suitable for decision without oral argument under Civil Local

1

Rule 7-1(b) and hereby vacates the motion hearing set for June 25, 2015, at 1:30 p.m. Having considered the submissions of the parties, the record in this case, and the relevant law, the Court GRANTS Defendants' Second Motion to Dismiss without prejudice, and DENIES as moot Defendants' First Motion to Dismiss and Defendants' Motion to Strike, for the reasons stated below.

I.  BACKGROUND

   A.  Factual Background

Nationwide Biweekly Administration, Inc. is an Ohio Corporation with its headquarters in Xenia, Ohio. ECF No. 1 ("Compl."), ¶ 2. Loan Payment Administration LLC is a subsidiary of Nationwide Biweekly Administration, Inc. and also has its headquarters in Xenia, Ohio. *Id.* ¶¶ 3, 15. Daniel S. Lipsky is the sole shareholder of Nationwide Biweekly Administration, Inc. *Id.* ¶ 4.

Defendant John F. Hubanks ("Hubanks") is a deputy district attorney with the Monterey County District Attorney's Office. *Id.* ¶ 5. Andres H. Perez ("Perez") is a deputy district attorney with the Marin County District Attorney's Office. *Id.* ¶ 6. The Monterey County District Attorney's Office and the Marin County District Attorney's Office are the local district attorney offices for the Counties of Monterey and Marin, respectively. *Id.* ¶¶ 7-8.

   1.  Nationwide's "Interest Minimizer" Program

Nationwide is an administrator of biweekly loan repayment programs. *Id.* ¶ 12. Nationwide has approximately 125,000 customers around the country, including over 10,000 in California. *Id.* At issue in the instant litigation is a Nationwide program called the "Interest Minimizer" biweekly program, which is targeted at borrowers with home mortgages. *Id.* ¶ 13. According to Nationwide, most mortgage servicers debit a borrower's mortgage payments on a monthly basis. *Id.* Under Nationwide's "Interest Minimizer" program, Nationwide acts as an intermediary between the borrower and the mortgage servicer. Specifically, Nationwide arranges with the borrower to debit one-half of the borrower's monthly mortgage payment from the borrower's checking account every other week. *Id.* Nationwide then remits the mortgage payments to the mortgage servicer once per month, as required by the servicer. *Id.* However,

2

Case No. 14-CV-04420-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

because Nationwide debits the mortgage payments on a bi-weekly (as opposed to monthly) basis, Nationwide debits 26 times over the course of the year, effectively resulting in the creation of a 13th annual payment (as opposed to 12 annual payments under a traditional monthly repayment plan). *Id.* Nationwide claims that the extra payment per year saves its customers money by helping Nationwide's customers pay off their mortgage loans faster than they otherwise would. *Id.*

### 2. The Investigations of the Defendant District Attorneys

On July 30, 2013, Nationwide received a letter from Hubanks, a deputy district attorney in the Consumer Protection Unit of the Monterey County District Attorney's Office. ECF No. 1-1 ("Enforcement Letter"). The Enforcement Letter stated that the District Attorneys for Marin and Monterey County "are in receipt of numerous complaints about the marketing and business practices of Nationwide Bi-Weekly Administration, Inc." *Id.* The Enforcement Letter further stated that these consumer complaints "indicate a pattern of deceptive business practices having an adverse impact on California consumers," based on Nationwide's practice of referencing the names of consumers' lenders and the consumers' loan information in Nationwide's solicitation letters. *Id.*

The Enforcement Letter also stated that Nationwide's solicitation letters violate two state statutes. First, the Enforcement Letter stated that Nationwide's use of lenders' names violates Business and Professions Code § 14701(a), which prohibits a person from using the "name, trade name, logo, or tagline of a lender in a written solicitation . . . without the consent of the lender," unless the letter is accompanied by a statutorily-prescribed disclaimer. *Id.* (quoting California Business and Professions Code § 14701(a)).[1] Second, the Enforcement Letter stated that

---

[1] The relevant statute provides: "No person shall include the name, trade name, logo, or tagline of a lender in a written solicitation for financial services directed to a consumer who has obtained a loan from the lender without the consent of the lender, unless the solicitation clearly and conspicuously states that the person is not sponsored by or affiliated with the lender and that the solicitation is not authorized by the lender, which shall be identified by name. This statement shall be made in close proximity to, and in the same or larger font size as, the first and the most prominent use or uses of the name, trade name, logo, or tagline in the solicitation, including on an envelope or through an envelope window containing the solicitation." Cal. Bus. & Profs. Code

3
Case No. 14-CV-04420-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Nationwide's use of consumers' loan amounts in Nationwide's solicitation letters violates Business and Professions Code § 14702, which prohibits a person from using a consumer's "loan amount, whether or not publicly available, in a solicitation for services or products without the consent of the consumer," unless the solicitation contains a statutorily-prescribed disclaimer.[2] *Id.* at 2.

The Enforcement Letter then stated that, because of Nationwide's alleged violations of Business and Professions Code §§ 14701(a) and 14702, "Nationwide's solicitations have the capacity to deceive and mislead consumers into believing Nationwide is sponsored by or affiliated with the lender, the solicitation is authorized by the lender, or the consumer's loan information was provided by the lender." *Id.* The Enforcement Letter also stated that "the placement of the lender's name in the header of the letter may lead the consumer to believe their lender is, in fact, the originator of the correspondence or affiliated with Nationwide." *Id.* Accordingly, the Enforcement Letter also alleged violations of Business and Professions Code §§ 17200 and 17500. *Id.* at 2-3. The Enforcement Letter concluded by stating in part that the Monterey and Marin County District Attorneys "are now determining what formal legal action, if any, will be taken." *Id.* at 3.

The Enforcement Letter also stated that Nationwide "may be in violation of California's Check Sellers, Bill Payers and Proraters Law" because "it would appear Nationwide is acting as a prorater and therefore required to obtain a prorater license" from the state's Department of Business Oversight. *Id.* Nationwide has filed a related lawsuit against Jan Owen, in her official capacity as Commissioner of the Department of Business Oversight for the State of California, in

---

§ 14701(a).
[2] The relevant statute provides: "No person shall include a consumer's loan number or loan amount, whether or not publicly available, in a solicitation for services or products without the consent of the consumer, unless the solicitation clearly and conspicuously states, when applicable, that the person is not sponsored by or affiliated with the lender and that the solicitation is not authorized by the lender, and states that the consumer's loan information was not provided to that person by that lender. This statement shall be made in close proximity to, and in the same or larger font as, the first and the most prominent use or uses of the consumer's loan information in the solicitation, including on an envelope or through an envelope window containing the solicitation." Cal. Bus. & Profs. Code § 14702.

which Nationwide has sought an injunction prohibiting the state from enforcing California's prorater laws against Nationwide. *See Nationwide Biweekly Administration, Inc. v. Jan Lynn Owen*, Case No. 14-CV-05166-LHK, ECF No. 5. On March 18, 2015, this Court denied Nationwide's motion for a preliminary injunction in that case, finding Nationwide's alleged injury was "too speculative." *Id.*, ECF No. 45 at 18 n.6.

After Nationwide received the Enforcement Letter, the parties engaged in discussions and informal discovery in an attempt to resolve the matter. Compl. ¶ 20. For example, Nationwide has "worked diligently" with Defendants to "explain the services Nationwide offers, how it uses publicly available data to obtain loan information and mailing addresses for potential customers, and the significant benefits it provides to consumers." *Id.* Nationwide also produced over 78,000 pages of documents and met in person with Messrs. Hubanks and Perez in 2014. *Id.* Ultimately, despite these attempts and several tolling agreements between the parties, the discussions fell apart. *Id.* ¶¶ 21-22. Before the district attorneys could bring an enforcement action in a state forum, Nationwide filed the instant declaratory judgment action predicated on Defendants threats of enforcement. *Id.*

### B. Procedural History

On October 2, 2014, Nationwide filed the instant lawsuit in this Court. *See* Compl. The gravamen of Nationwide's lawsuit is that Business and Professions Code §§ 14701(a) and 14702 constitute illegal restraints on free speech as applied to Nationwide, in violation of the First Amendment of the U.S. Constitution and Article I, § 2 of the California Constitution. *See, e.g.*, Compl. ¶¶ 25, 28. Nationwide brought one cause of action under 42 U.S.C. § 1983 alleging that Defendants' threats to enforce an unconstitutional statute violate Nationwide's First and Fourteenth Amendment rights; one similar cause of action under California's Constitution, Article I, § 2; and a third cause of action for declaratory relief that Nationwide's use of lenders' names is exempt from liability under Business and Professions Code § 14703. *Id.* ¶¶ 23-33.

Also on October 2, 2014, Nationwide filed a motion for a preliminary injunction. ECF No. 5. In that motion, Nationwide requested that the Court enjoin the Defendants from enforcing

5

California Business and Professions Code § 14700 *et seq*. *Id*. at 2. The Court denied Nationwide's motion, finding that Nationwide failed to demonstrate a likelihood of success on the merits of Nationwide's claim that the challenged statutes violate the First Amendment of the U.S. Constitution or Article I, § 2 of the California Constitution as applied to Nationwide. ECF No. 50 at 21.[3]

On December 30, 2014, Defendants filed a motion to strike and a motion to dismiss. ECF No. 33 & 34. Defendants argue that this Court should dismiss each count of Nationwide's three-count complaint under Federal Rule of Civil Procedure 12 for a variety of reasons: (1) Nationwide failed to join a necessary party, (2) the county district attorney's offices are improper parties, (3) Nationwide's claims lack prudential ripeness, (4) the Court should abstain from jurisdiction under the *Pullman* factors, and (5) Nationwide has failed to state a claim for which relief can be granted. ECF No. 34. Defendants also argue that this Court should strike the second and third counts of Nationwide's Complaint under California's Anti-SLAPP statute because the Defendants were engaged in protected activity and Nationwide cannot establish a probability of prevailing on the merits. *See* ECF No. 33. Nationwide filed oppositions (ECF Nos. 40 & 41), and Defendants filed replies (ECF Nos. 44 & 46). A hearing on these motions was previously set for April 30, 2015, and was vacated pursuant to Civil L.R. 7-1(b). ECF No. 55. The parties' initial case management conference had been set for August 5, 2015 at 2:00 PM. ECF No. 56.

On May 15, 2015, Hubanks and Perez, joined by the Alameda County District Attorney's Office and the California Department of Business Oversight ("DBO"), filed a civil enforcement action against Nationwide in Alameda County Superior Court. *California v. Nationwide Biweekly Admin.*, Case No. RG15770490; *see also* ECF No. 57-3.[4] The complaint in the civil enforcement

---

[3] On March 18, 2015, Nationwide filed a Notice of Appeal from this Court's Order denying a preliminary injunction. ECF No. 51. This Court retains jurisdiction over the action on the merits notwithstanding Nationwide's appeal. *See, e.g., Phelan v. Taitano*, 233 F.2d 117, 119 (9th Cir. 1956) (citing *Ex parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156 (1906)).

[4] Defendants' unopposed request for judicial notice of the state court proceeding is hereby GRANTED. *See also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of filings in the public record from a California state court proceeding).

6
Case No. 14-CV-04420-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

action contains six causes of action and contends that Nationwide's practices constitute: (1) Unlicensed Business Activities in violation of California Financial Code § 12200; (2) Fee Overcharges and Unauthorized Charges in violation of California Financial Code §§ 12314, 12314.1; (3) Unlawful Use of Lender's Name in violation of California Business and Professions Code §§ 17200, 14701; (4) Unlawful Use of Consumer's Loan Information in Violation of California Business and Professions Code §§ 17200, 14702; (5) False Advertising in violation of California Business and Professions Code § 17500; and (6) Unfair Competition in violation of California Business and Professions Code § 17200. *See generally* ECF No. 57-3.

Also on May 15, 2015, Defendants filed a supplemental motion to dismiss pursuant to Federal Rule of Civil Procedure 12(g), arguing that the Court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971). ECF No. 57; ECF No. 58 (corrected version filed on May 18, 2015). Nationwide filed an opposition (ECF No. 61), and Defendants filed a reply (ECF No. 62).

## II. LEGAL STANDARD

"In *Younger v. Harris*, [401 U.S. 37 (1971)], the Supreme Court reaffirmed the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). The Supreme Court later extended the *Younger* principle to civil enforcement actions "akin to" criminal proceedings. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975). "*Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink*, 754 F.3d at 759 (citing *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 593-94 (2013)). If these "threshold elements" are met, the Court then considers whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies. *ReadyLink*, 754 F.3d at 759. If the threshold elements are met, and no exception applies, the Court should dismiss actions involving injunctive or declaratory relief, and stay actions where damages are at issue until the state proceedings are completed.

7
Case No. 14-CV-04420-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

*Gilbertson v. Albright*, 381 F.3d 965, 968-69 (9th Cir. 2004) (en banc).

III. DISCUSSION

   A. The *Younger* Threshold Elements

Defendants argue that each of the *Younger* threshold elements is satisfied in this case. ECF No. 58 at 5. Nationwide's opposition only disputes the first threshold element, that the state enforcement action is "ongoing" pursuant to *Younger*. ECF No. 61 at 4. Moreover, there is no dispute that the instant action challenges the same statutory provisions asserted against Nationwide in the state enforcement action. Because each of the *Younger* threshold elements must be satisfied, this Court will address each element in turn. *See ReadyLink*, 754 F.3d at 759 ("[e]ach element must be satisfied").

   1. Ongoing state proceeding

Defendants argue that the state enforcement action is ongoing because, although the state enforcement action was filed approximately seven months after Nationwide filed the instant action, the state proceeding is now pending, and there have been no proceedings on the substance of the merits in this instant action. ECF No. 58 at 5. Nationwide responds that the date for determining whether *Younger* applies is the date the federal action is filed. Nationwide notes that when Nationwide filed the instant action on October 2, 2014, there was no state enforcement action pending. ECF No. 61 at 4. Nationwide further contends that the instant action has progressed beyond an "embryonic stage," and therefore *Younger* is inappropriate. For the reasons stated below, the Court agrees with Defendants. The Court will first address the timing issue, before addressing the status of the instant action.

   a. Timing

In *Hicks v. Miranda*, 422 U.S. 332 (1975), the U.S. Supreme Court held that "*Younger v. Harris* could not be avoided on the ground that no criminal prosecution was pending against the [federal plaintiffs] on the date the federal complaint was filed." *Id.* at 349. Moreover, the Court observed that none of the Court's prior decisions "has held that for *Younger v. Harris* to apply, the state criminal proceedings must be pending on the day the federal case is filed." *Id.* Instead,

8

Case No. 14-CV-04420-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

"where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force." *Id.* Thus, the critical issue is whether "any proceedings of substance on the merits have taken place in the federal court." *Id.* The Ninth Circuit is in accord: "Whether the state proceedings are 'pending' is not determined by comparing the commencement dates of the federal and state proceedings. Rather, abstention under *Younger* may be required if the state proceedings have been initiated before any proceedings of substance on the merits have taken place in the federal court." *Polykoff v. Collins*, 816 F.2d 1326, 1332 (9th Cir. 1987).

Nationwide argues that the state enforcement action was not pending in October 2014, when the instant action was filed. For support, Nationwide quotes the Ninth Circuit's 2014 decision in *ReadyLink* that states: "the date for determining whether *Younger* applies is the date the federal action is filed." ECF No. 61 at 4 (quoting *ReadyLink*, 754 F.3d at 759). But timing was not an issue in *ReadyLink*. In *ReadyLink*, the Ninth Circuit quoted the Ninth Circuit's 2004 *en banc* decision in *Gilbertson*, 381 F.3d at 969 n.4. Although the quote from footnote four of *Gilbertson* states that the "*critical* date for purposes of deciding whether abstention principles apply is the date the federal action is filed," *id.* (emphasis added), *Gilbertson* was deciding that issue in a completely different context. The issue addressed in *Gilbertson* was whether *Younger* abstention was mooted because the state administrative proceeding had already concluded and was on appeal to the Oregon Court of Appeals by the time the federal complaint was filed. Because, in *Gilbertson*, the federal action was filed while the state proceeding was on appeal in state court, the Ninth Circuit concluded that the "ongoing state proceeding" element of *Younger* was met even though the Oregon Supreme Court denied review in October 2002 after the federal complaint was filed, but before the Ninth Circuit's decision. The Ninth Circuit held that: "The appeal is not moot because Gilbertson's federal action was filed while state proceedings were pending." *Id.* (noting that "proceedings are deemed on-going for purposes of *Younger* abstention until state appellate review is completed"). In sum, the quote from the Ninth Circuit in *ReadyLink*/*Gilbertson* does not

9

Case No. 14-CV-04420-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

change the clear authority from the U.S. Supreme Court and earlier Ninth Circuit cases that "[w]hether the state proceedings are 'pending' is not determined by comparing the commencement dates of the federal and state proceedings." *Polykoff*, 816 F.2d at 1332. Nationwide's argument that the filing date, alone, is dispositive lacks merit. "Rather, abstention under *Younger* may be required if the state proceedings have been initiated before any proceedings of substance on the merits have taken place in the federal court." *Id.* The Court, therefore, will address the status of the instant litigation and whether any proceedings of substance on the merits have taken place in this, the federal, case.

### b. Status of instant litigation

Nationwide argues that this case has progressed beyond an embryonic stage because the Court has already denied Nationwide's motion for preliminary injunction, and the parties have briefed two motions to dismiss and a motion to strike. The Court does not agree with Nationwide's conclusion.

Although the grant of a preliminary injunction is considered to be a proceeding of substance for *Younger* purposes, the denial of a preliminary injunction is not. *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 238 (1984) (holding issuance of a preliminary injunction to be "a substantial federal court action" pursuant to *Younger*); *Polykoff*, 816 F.2d at 1332 ("denial of a temporary restraining order is not considered a proceeding of substance on the merits"); *see also Fresh Int'l Corp. v. Agric. Labor Relations Bd.*, 805 F.2d 1353, 1358 n.5 (9th Cir. 1986) ("It may be that issuance of a temporary restraining order, as opposed to denial of one, is a proceeding of substance on the merits."). Moreover, the mere fact that Nationwide decided to appeal this Court's denial of a preliminary injunction similarly fails to advance this case beyond an embryonic stage. Any such appeal is not a proceeding of substance on the merits in this Court, and Nationwide cites no authority to the contrary.

The Ninth Circuit authorities cited by Nationwide are inapposite. ECF No. 61 at 5 (citing *Hoye v. Oakland*, 653 F.3d 835 (9th Cir. 2011), and *Adultworld Bookstore v. Fresno*, 758 F.2d 1348 (9th Cir. 1985)). In both *Hoye* and *Adultworld*, the Ninth Circuit reversed decisions of

10

Case No. 14-CV-04420-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

district courts that had abstained under *Younger*. In *Hoye*, although the district court denied a temporary restraining order, the case continued to progress as the Court conducted four status conferences with the parties and the Court's on-the-record expression of its deep reservations about the constitutionality of the City Council's actions resulted in a change in policy by the City Council. 653 F.3d at 844. In other words, it was not the mere denial of injunctive relief that led the Ninth Circuit to conclude that the case had progressed beyond an embryonic stage. It was, instead, that "the District Court's intervention in the case had resulted in a significant change in the relative positions of the parties." *Id.*

Similarly, in *Adultworld*, although the district court denied the preliminary injunction, the district court previously granted a temporary restraining order. 758 F.2d at 1349. Moreover, the district court conducted an "extended evidentiary hearing" on plaintiff's motion for a preliminary injunction and denied the motion for preliminary injunction as moot when it abstained under *Younger*. *Id.* at 1350-51 ("Because the district court should not have abstained, the court also erred in not reaching the merits of Adultworld's motion for a preliminary injunction.").

In the instant case, unlike in *Hoye* or *Adultworld*, the Court has not granted injunctive relief, conducted evidentiary hearings, held case management conferences, or even set a case schedule. Although Nationwide filed the instant case in October 2014, this case has not progressed beyond an embryonic stage. The parties have briefed a motion for preliminary injunction (ECF No. 17), motions to dismiss (ECF Nos. 34, 58), and a motion to strike (ECF No. 33). Of these, the Court denied Nationwide's motion for preliminary injunction on March 17, 2015, without an evidentiary hearing, determining that Nationwide failed to demonstrate a likelihood of success on the merits and failed to carry its burden to show that real and immediate harm would result absent a preliminary injunction. *See generally* ECF No. 50. Moreover, Defendants have not answered Nationwide's Complaint, nor has the Court held an initial case management conference in this case. ECF No. 56. Accordingly, the Court has neither set a case schedule nor approved a discovery plan. *See* Fed. R. Civ. P. 26. This case remains in its infancy and, because the state enforcement proceeding is currently pending, the "ongoing state

11
Case No. 14-CV-04420-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

proceeding" element of *Younger* is satisfied.

### 2. Quasi-criminal enforcement action

Neither party disputes that the state enforcement proceeding is a quasi-criminal enforcement action. The Court agrees. The state enforcement proceeding was filed against Nationwide by the DBO and District Attorneys on behalf of the People of the State of California to enforce various provisions of California's Business and Professions and Financial Codes. For civil enforcement actions that are akin to criminal proceedings for *Younger*, "a state actor is routinely a party to the state proceeding and often initiates the action, the proceedings are characteristically initiated to sanction the federal plaintiff for some wrongful act, and investigations are commonly involved, often culminating in the filing of a formal complaint or charges." *ReadyLink*, 754 F.3d at 759 (citing *Sprint*, 134 S. Ct. at 592). Each of those facts is present here. Accordingly, the "quasi-criminal enforcement action" element of *Younger* is satisfied.

### 3. Implicates an important state interest

Neither party disputes that the state enforcement proceeding "implicates an important state interest." The Court agrees. The state enforcement proceeding implicates the important California interest of protecting consumers from allegedly deceptive business practices, as evidenced by the state enforcement action having been filed in state court on behalf of the people of the state of California. Accordingly, the "implicates an important state interest" element of *Younger* is satisfied. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) ("The importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature." (citing *Huffman*, 420 U.S. 592)).

### 4. Allows Nationwide to raise federal challenges

Neither party disputes that Nationwide will be allowed to raise federal challenges in the state enforcement proceeding. The Court agrees. State courts are presumed to be an adequate venue in which to assert federal challenges "in the absence of unambiguous authority to the

12

Case No. 14-CV-04420-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987); *Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708, 713 (9th Cir. 1995). In the instant case, there is no such unambiguous authority suggesting otherwise. Accordingly, the final element of *Younger* is satisfied.

For the reasons explained above, each of the *Younger* threshold elements has been established. Accordingly, the Court will next consider whether the federal action would have the practical effect of enjoining the state proceedings and whether any exceptions to *Younger* apply. *ReadyLink*, 754 F.3d at 759.

### B. Remaining Considerations

#### 1. Practical effect of enjoining state proceedings

Neither party disputes that the practical effect of Nationwide's federal complaint is to enjoin the state proceedings. The Court agrees. Nationwide's complaint seeks declaratory and injunctive relief, including, for example, a "permanent injunction against Defendants prohibiting them from making any threats or taking any action against Nationwide for its use of publicly available information as described above." Compl. 8. Were the Court to grant such relief, it would enjoin the ongoing state enforcement action. Accordingly, this additional predicate for *Younger* abstention is met. *ReadyLink*, 754 F.3d at 759.

#### 2. Exception for bad faith

Nationwide argues that even if the elements for *Younger* abstention are met, the instant case is excepted from the doctrine because the state enforcement action was brought in bad faith. ECF No. 61 at 8-10. In support of this argument, Nationwide contends that the district attorneys brought the state enforcement action in bad faith without regard to the merits, made misrepresentations to this Court, and filed the state court enforcement action after reviewing and analyzing Nationwide's appellate brief. *Id.* Defendants dispute each of these contentions and respond that the delay was due to the usual complications and delays present when four government agencies at two different levels of government collaborate. ECF No. 62 at 6-7. Upon review of the parties' arguments, the Court agrees with Defendants. The Court is not left with the

13

Case No. 14-CV-04420-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

impression that the state enforcement action was brought in bad faith. First, each of Nationwide's contentions is based on pure speculation without support, and the Court denies Nationwide's request to conduct discovery into the alleged bad faith motives of the Defendants in this case (ECF No. 61 at 8) when these issues may be further explored in state court. Second, for the reasons explained above, the instant case remains in its infancy. Although the parties have made numerous filings in this Court, and Nationwide has already appealed this Court's denial of Nationwide's motion for a preliminary injunction, the Court's involvement to date has been minimal, this being the second motion resolved in the case to date. Finally, Nationwide filed the instant action and its motion for a preliminary injunction based on the premise that Defendants would, in fact, file a state enforcement action. Nationwide's argument that the Defendants' actual filing of the state enforcement action demonstrates bad faith is not persuasive.

Accordingly, Nationwide has not persuaded the Court that the "bad faith" exception to *Younger* is applicable here.

### C. Dismissal Is Warranted

Having concluded that abstention under *Younger* is the appropriate course, the Court must determine how to dispose of the case. Defendants' motion seeks dismissal under *Younger* (ECF No. 58 at 6), and Nationwide's opposition does not argue for a stay (*see generally* ECF No. 61). In the instant case, because Nationwide seeks only declaratory and injunctive relief, not damages, the Court agrees that dismissal is the proper course. *See Gilbertson*, 381 F.3d at 968 (under *Younger*, "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed"). Accordingly, dismissal is appropriate here.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Second Motion to Dismiss (ECF No. 58) is GRANTED. The instant action is DISMISSED without prejudice. Moreover, the Court hereby DENIES AS MOOT Defendants' First Motion to Dismiss (ECF No. 34) and Defendants' Motion to Strike (ECF No. 33). The Clerk shall close the file.

14
Case No. 14-CV-04420-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**IT IS SO ORDERED.**

Dated: June 17, 2015

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No. 14-CV-04420-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
15